ZINNA GRIEFER, Respondent, *v.* COUNTY OF SULLIVAN and Another, Appellants.

Third Department, March 13, 1936.

*John D. Lyons* [*Nellie Childs Smith* of counsel], for the appellants.

*Wiess & Costa* [*Bernard Wiess* of counsel], for the respondent.

BLISS, J. Appeal from a judgment of the Supreme Court, Sullivan county, entered upon the decision of the court without a jury adjudging that the defendant Thomas H. Shimer convey to the defendant county of Sullivan certain lands therein described and that the plaintiff recover costs against both defendants.

The old Middletown and Wurtsboro turnpike crossed the Wurtsboro mountain a short distance east of the hamlet of Wurtsboro. This portion of the turnpike later became a portion of the State highway known as route 17. At the point involved in this lawsuit the State highway followed the route of the old turnpike and ran in a generally northerly and southerly direction with a curve about 300 feet in length. The outside of the curve was to the east and the inside to the west. At this point the highway ran through the lands of the plaintiff. The defendant Shimer owned the land on the east side of the State highway immediately north of the plaintiff's lands. The county owned the roadbed, having purchased it from the Middletown and Wurtsboro Turnpike Company. In 1930 the State desired to reconstruct this highway. It eliminated the curve above mentioned by straightening the road at that point. The county of Sullivan acquired for right-of-way purposes for this new highway all of the lands of the plaintiff between the westerly side of the old highway and the westerly side of the new highway. When the construction was completed it was found that a small parcel lying between the westerly side of the old highway and the easterly side of the new highway was not actually needed for such new highway. At the same time considerable damage had been caused to the lands of the defendant Shimer immediately to the north of plaintiff on the easterly side of the highway, by the lowering of the grade at that point. In order to avoid the payment of damages to Shimer the county first conveyed to him the westerly half of the old highway and then the lands lying between the westerly edge of the old highway and the easterly edge of the new highway.

The plaintiff by this action asked that the conveyance from the county to the defendant Shimer be declared null and void and that the county be compelled to convey back to the plaintiff these lands which it no longer needed for highway purposes. The court below has sustained the plaintiff to the extent of directing that the defendant Shimer convey back to the county these two parcels.

Whether the plaintiff owned the fee of the old highway or whether the fee was in the county, the plaintiff had a right of access from and over it in its entirety to every part of her land. Among the rights of the owner of lands adjoining a highway are those of light, air and access regardless of where the title may be. (*Donahue* v. *Keystone Gas Co.*, 181 N. Y. 313; *Story* v. *N. Y. Elevated R. R. Co.*, 90 id. 122.) The county could not deprive the plaintiff of this right except for compensation. Hers was the dominant tenement and the lands occupied by the old highway con-

stituted the servient tenement irrespective of whether the county or the plaintiff owned the fee of the highway. This right attached to the plaintiff's lands adjoining the old highway. It was not common to the public at large. (*Kane* v. *N. Y. Elevated R. R. Co.*, 125 N. Y. 164.)

When the county acquired the parcel between the old road and the pavement of the new road it did so for highway purposes. Except for these lands being necessary as a highway they could not have been so acquired. Upon acquisition they became a part of the right-of-way of the new highway and as such were burdened with the usual right of access in the plaintiff as an abutting owner. She had access over this right-of-way to the pavement of the new highway for the entire distance that her lands fronted upon the new highway. Hers were then the rights of an abutting owner along this new highway. The county's later discovery that it had taken from her by condemnation more land than it actually needed for the new highway did not authorize it to sell such land to another, one who was in no sense an abutting owner thereto, to the complete extinguishment of plaintiff's property rights therein.

The effort to make the defendant Shimer an abutting owner and thus bring him under the provisions of section 155 of the Highway Law* by first conveying to him the westerly half of the old highway was but a subterfuge and an ineffectual one at that. The plaintiff already had an easement of access over this parcel. The very intent and purpose of the proviso contained in section 155 was to protect the rights of an abutting owner and to prevent just such an infringement upon them as was attempted here. That section permits the sale but only to the owner of the property immediately adjoining the highway and upon the condition that such conveyance will give such adjoining owner a frontage "immediately in front" of his lands upon the new highway and right-of-way when completed. I agree with Judge RHODES that the county was not compelled to sell if it did not wish to and that it might have held the lands for highway purposes. But the statute is clear that if the county does elect to sell, it can do so only to the owner whom the parcel directly fronts. One of the reasons for this is that such owner already has an easement of access over these lands. Another is that it would be manifestly unjust to sell to a stranger and thus isolate this immediately adjoining owner from the highway by cutting off her right of access which is so essential to the complete enjoyment of her lands.

* Highway Law repealed by Laws of 1936, chap. 63. The subject-matter of former section 155 is covered by section 37 of the new Highway Law, enacted by the same chapter.— [REP.

In his dissenting opinion Mr. Justice RHODES relies upon a ground not urged in either brief, to wit, that the plaintiff is not a party aggrieved and may not maintain the action as it is not a taxpayer's action. This holding is untenable. (See *Brooklyn City Railroad Co.* v. *Whalen*, 191 App. Div. 737; affd., 229 N. Y. 570; *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Public Service Comm.*, 195 id. 157; *Matter of Niagara, Lockport & Ontario Power Co.* v. *Prendergast*, 229 App. Div. 295.) Surely these defendants have attempted to do that which the statute expressly says may not be done. It is true that the county seeks no redress. It has been a party to the illegal transaction by which the plaintiff's vested rights have been interfered with. The plaintiff has suffered damage as the result of such illegal acts and is, therefore, a party aggrieved. Under these circumstances we may not say that the plaintiff is not an interested party to the extent that she may protect these rights by having the illegal transaction annulled.

The judgment below should be affirmed, with costs.

HILL, P. J., and McNAMEE, J., concur; RHODES, J., dissents with an opinion, in which CRAPSER, J., concurs.

RHODES, J. (dissenting). The complaint demands judgment requiring the setting aside of deeds of certain premises conveyed by the county of Sullivan to the defendant Shimer, and demands a conveyance of said premises to the plaintiff, a portion of the land in question having been acquired by the county from plaintiff in condemnation proceedings in connection with a highway improvement and the balance of the premises being the western half of a portion of the old highway.

The court below found that the conveyances from the county to the defendant Shimer were null and void, and directed a reconveyance to said county, but did not order a conveyance to the plaintiff.

In connection with the improvement of route 17, near the village of Wurtsboro, the line of the highway was straightened. At that part of the highway in question the old road ran in a generally northerly and southerly direction in a curve about 300 feet in length, and the new location of the highway ran in a straight line north and south connecting the ends of the curve so that the new highway formed the chord of the arc and the curve of the old road formed the arc of the segment, the curve of the old road being east of the new highway. The lands of the defendant are north of and adjoin the premises of the plaintiff, the boundary line between said premises running east and west across the north end of said new strip and of said curve. The lands of the defendant

were east of and abutted upon the old highway and the lands of the plaintiff abutted upon said highway on each side thereof. The new strip is bounded on the west by lands of plaintiff.

In acquiring from the plaintiff the strip for the new right-of-way for said highway, being the straight strip in question, the county also acquired all the additional land between said new location and the old location, such additional land being somewhat in the shape of a half moon, and the plaintiff was paid damages for all the land so acquired.

A small portion of Shimer's land east of the old highway was also acquired for highway purposes, and in the construction and grading of the new highway a gas station belonging to said defendant which stood by the side of and east of the old highway, was rendered inaccessible, being left standing upon an embankment several feet higher than the level of the new highway. In adjusting his damages the amount thereof was agreed upon between him and the county at the sum of $2,450, and after the county had acquired from the plaintiff the premises in question, a conveyance was made by the county to Shimer of the portion of the land acquired from the plaintiff and not used for the new highway right-of-way, being the portion between the arc and the chord above described, and in addition the county conveyed to Shimer the westerly one-half of the old road embraced within the curve forming the arc of the circle above described, such conveyances being " for and in lieu of any and all damages sustained by said Thomas H. Shimer by reason of the construction of said new State road and the acquisition of the property by the County."

Thereupon this action was commenced, the plaintiff claiming that by virtue of section 155 of the Highway Law the county had no right to convey said premises to Shimer and that Shimer was not an abutting owner within the purview of that section, and further asserting that the county had acquired from plaintiff the land referred to, that it was not necessary for the purpose of the highway, and that such excess of land should have been reconveyed to plaintiff as an adjoining owner.

Plaintiff's position does not seem tenable. When the county acquired plaintiff's land and paid for it, it obtained full title and plaintiff then had no further legal rights therein. It is questionable if plaintiff was an abutting owner to this land, as it was separated by the new highway from plaintiff's land on the west and was separated by the old highway, the fee of which was in the county, from plaintiff's land on the east. It does not appear that the eastern half of the old road has been abandoned as a highway. Furthermore, if plaintiff be deemed an abutting land-

owner, the section in question is not in terms mandatory. It provides that the board of supervisors *may*, where it has acquired land by purchase or condemnation as a right-of-way for a State or county highway, sell, convey, grant or lease to the owner or owners of property adjoining the same, so much thereof as may be unnecessary for such highway purposes, provided the strip of land retained for such highway purposes is not less than sixty feet in width, and provided such sale, conveyance, grant or lease will give said adjoining owner or owners of land a strip immediately in front of their respective premises upon the new highway and right-of-way when completed.

The appellants assert that said conveyances may be upheld irrespective of said section, and they refer to subdivision 13 of section 12 of the County Law which authorizes the county " To sell, and for a proper consideration to convey, all of the title and interest of the county in and to any land or property owned by the county but not in actual use by the county; and if sold, apply the proceeds to the payment for new sites, buildings and improvements."

In the view here taken it is thought unnecessary to decide whether the conveyance was properly made from the county to Shimer. The action herein is not a taxpayer's action, and the county seeks no redress. The remedies plaintiff seeks are her individual matters. If she has no such rights requiring redress here, then as to any transaction between the county and the defendant Shimer, plaintiff is not a party in interest, and may not maintain the action. (See Civ. Prac. Act, § 210. See, also, *Sherman* v. *Abeles*, 265 N. Y. 383; *Associated Master Plumbers of Rochester* v. *Warnock & Zahrndt, Inc.*, 261 id. 665; *Hays* v. *Hathorn*, 74 id. 486; *N.Y., O. & W. R. Co.* v. *Griffin*, 235 id. 174; *Town of Kiantone* v. *West Ridge Transportation Co., Inc.*, 232 App. Div. 394; *Attorney-General* v. *North Amer. Life Ins. Co.*, 89 N. Y. 94; *Matter of Keeney*, 194 id. 281; affd., 222 U. S. 525.)

The judgment should be reversed on the law and facts, with costs, and the complaint dismissed, with costs.

CRAPSER, J., concurs.

Judgment affirmed, with costs.