Charles T. Major, J.
This claim was filed to recover damages for the appropriation by the State of New York of the fee of two parcels of claimant’s land, and a permanent easement over another, for purposes connected with the State Arterial Highways Passing Through Cities, pursuant to article XII-B of the Highway Law. Prior to the appropriation, claimant was the owner of a piece of property in Syracuse, New York, with a frontage of 191.06 feet on Oswego Boulevard, 175 feet on North Clinton Street, and 250 feet on Spencer Street. In 1941, claimant built a large one-story steel frame and brick building on its land, and used the entire property as a wholesale bakery and distribution center of its products.
Oswego Boulevard came into being as a result of the State abandoning Oswego Canal and selling and conveying the canal lands to the City of Syracuse. In 1929, the City of Syracuse named Oswego Boulevard, established its grade and paved it for highway purposes. As a result of its location and construction, it became and for many years was a heavily travelled main artery between downtown Syracuse and points to the north.
At the time of the appropriation herein on April 9, 1957, the claimant’s premises were at the same grade as Oswego Boulevard which was 80 feet wide. It was possible for motor vehicles to make complete use of the 80-feet right of way, and land owners on both sides of the boulevard had direct access to the roadway.
In about 1956, the State closed the boulevard for the construction of a new arterial highway, and in accordance with plans, lowered the grade of Oswego Boulevard and depressed it a distance of 15 feet in the area of claimant’s property. As a result of the change of grade, claimant now has no frontage on and no direct access to Oswego Boulevard. A retaining wall separates the new depressed roadway from direct access to the claimant’s property. The only access the claimant has on the easterly side of its property is by way of a service road ” constructed by the State which is 32 feet wide.
The easement of access is one of the rights of the owner of land adjoining a highway, regardless of where the title may be. (Donahue v. Keystone Gas Co., 181 N. Y. 313, 316; Story v. New York El. R. R. Co., 90 N. Y. 122; Griefer v. County of Sullivan *108 246 App. Div. 385, 386, affd. 273 N. Y. 515.) Basement of access is for ingress and egress, and is property as much as an abutting lot itself. It cannot be taken away or materially impaired or interfered with even under legislative authority without compensation. (Sauer v. City of New York, 180 N. Y. 27, 33, affd. 206 U. S. 536; Donahue v. Keystone Gas Co., supra.)
The abutting owner’s easement of access does not apply only to the side on which his property abuts, but to the whole width of the street. (Matter of Scheibel v. O’Brien, 230 N. Y. 277, 281.) The owner’s right of access is, however, subject to such reasonable use of the street not inconsistent with its maintenance as a public highway as may be necessary for the public good and convenience, and does not seriously impair it. (Perlmutter v. Greene, 259 N. Y. 327; Sauer v. City of New York, supra.) Public authority may impose regulations governing the exercise of such right. (Jones Beach Blvd. Estate v. Moses, 268 N. Y. 362.) While an abutting owner has an easement of access to the highway, he holds the same subject to the paramount right of the State or municipality to change the grade of the highway and there can be no recovery of damages for impairment of the easement resulting from such a change, in the absence of a statute. (Sauer v. City of Neiu York, supra; Meloon Bronze Foundry v. State of New York, 6 A D 2d 993.)
Where the State changes the grade of a highway within its own right of way without taking land from the abutting owner any damages suffered are damnum absque injuria, and the abutting owner has no claim unless it is authorized by legislative act. (Lewis v. State of New York, 258 N. Y. 568; Coffey v. State of New York, 291 N. Y. 494.)
The grade of Oswego Boulevard was established by the city at the location of claimant’s property and remained at such grade until the State altered and reconstructed this highway. The State appropriated a part of claimant’s land for the project. In addition, section 99 of the Second Class Cities Law applies to the City of Syracuse. This section provides that a grade of a street legally established in Syracuse could not be changed except by an ordinance of the Common Council and payment of compensation for damages done, to be ascertained in and by proceedings provided by law for ascertaining damages.
While the State had the authority to relieve the City of Syracuse of the Oswego Boulevard, nevertheless, the liability therefor has not been extinguished. The State has assumed it and is liable to claimant for the damages sustained thereby.