■ National Biscuit Company, Respondent-Appellant, v. State of New York, Appellant-Respondent. (Claim No. 34915.) — Judgment unanimously reversed upon the law and facts, without costs of this appeal to either party, and new trial granted. Memorandum: The award herein was made prior to our decision in *Nettleton Co.* v. *State of New York* (11 A D 2d 899). Therein we said (p. 900) that " No damages should be awarded on the theory of loss of access or interference therewith, loss of traffic from immediately in front of the property, or loss of view by boulevard users." (See, also, *Hall & McChesney*

v. *State of New York,* 15 Misc 2d 748, affd. 11 A D 2d 899, motion for leave to appeal denied 11 A D 2d 977, 8 N Y 2d 710.) The trial court herein by its findings and decision considered these elements in fixing the amount of claimant's damage. Furthermore, the claimant's experts in fixing the value of the property after construction of the boulevard similarly considered loss of access, lost frontage and loss of view. It follows that the award may not be sustained. There was presented herein, however, an element of damage that was not considered or passed upon in our decision in the *Nettleton* case (11 A D 2d 899, *supra*). Section 99 of the Second Class Cities Law provides in part that " The grade of a street * * * shall not be changed * * * except also upon compensation for damages done ". The statute here applicable provides that the cost of acquisition of property and any liability incurred by reason thereof shall be paid by the State as provided in section 30 of the Highway Law. (Highway Law, § 349-c, subd. 2.6.) Subdivision 15 of section 30 provides that if the work of constructing such State highways causes damage to property not acquired " the state shall be liable therefor, but this provision shall not be deemed to create any liability not already existing by statute." These statutory provisions were considered in *Selig* v. *State of New York* (12 A D 2d 688, 689) where it was said: " The court below found that under the provisions of the Highway Law it was sufficient that the City of Yonkers would have been liable had it caused the change of grade and that the claimant need not actually have a claim against the city. The State having caused the change of grade, it assumed liability. It was not the intendment of the law to absolve the State from liability under such circumstances." (See, also, *Counihan* v. *State of New York,* 18 Misc 2d 514.) We agree with the finding of the trial court that the highest and best use of claimant's property is for commercial or industrial purposes. Thus considered and eliminating the elements of loss of access or interference therewith, or loss of view, we express no opinion as to the extent claimant may have been damaged by lowering the boulevard some 15 feet in front of its property. This issue may only be resolved upon a new trial when the court should make separate findings of the value of the land taken and the damage, if any, sustained by claimant by the change of grade. (Cross appeals from judgment of Court of Claims, for claimant on a claim for damages for appropriation of realty.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ. [24 Misc 2d 106.]