Howard T. Hogan, J.
Pursuant to this court’s decision in Matter of County of Nassau (Massapequa-Woodbury Road) (64 Misc 2d 976), the petitioners herein have applied for a judgment enjoining the County of Nassau from interfering with their easements of light, air and access in and to what had been the bed of Union Avenue prior to its realignment, and identified as Parcel 37X in county proceeding No. 766.
In the alternative, petitioners seek to be given the opportunity to prove their claim for damages for the taking of these easements as a result of the closing of the road which formerly abutted their property. Petitioners also apply for an order compelling the county to convey to them as formerly abutting owners the lands constituting the bed of the former street and lying between their property and the new line of Union Avenue.
The respondents’ objections, both procedural and substantive, are based upon CPLR article 78. The petitioners admit that the denomination of the within application as an article 78 proceeding was inadvertent and request that the court regard this as a petition for an injunction. This the court will do and will examine the merits.
The present application was made necessary by this court’s prior holding in Matter of County of Nassau (Massapequa-Woodbury Road) (supra), refusing to open the partial final decree to permit petitioners to prove consequential damages allegedly sustained by virtue of the road closing. Since the decree was final and conclusive and since no property was taken from the petitioners, the fact that they were not given personal notice of the condemnation did not render the proceeding jurisdictionally defective.
This court is of the opinion, however, that the petitioners must be given the opportunity to prove their claim for compensation for the loss of their rights of light, air and access. By seeking an injunction, the petitioners have subjected themselves to the jurisdiction of a court of equity and thereby conferred upon it the power to retain the cause and grant whatever relief is proper, including inverse condemnation. (Ferguson v. *512 Village of Hamburg, 272 N. Y. 234; Heyert v. Orange & Rockland Utilities, 24 A D 2d 592.) Where, as here, the property owner pursues his rights by an action for an injunction and for damages, the court may then, as an alternative, make an award for the taking. (Pappenheim v. Metropolitan El. Ry. Co., 128 N. Y. 436; Van Allen v. New York El. R. R. Co., 144 K Y. 174; Trippe v. Port of N. Y. Auth., 17 A D 2d 472.) It is this latter relief which is called inverse condemnation. This court will, therefore, invoke the doctrine and will require that further hearings be held tcT determine the compensation, if any, to be awarded to the petitioners. If respondents thereafter fail to pay such compensation, an injunction will be granted. (Heyert v. Orange & Rockland Utilities, supra, p. 593.)
There is, however, one further question to be decided. Petitioners seek to have this court compel the county to convey to them the bed of the former street pursuant to section 125 of the Highway Law, so as to restore to them their frontage on Union Avenue.
While the arguments of counsel for petitioners have merit, this court is constrained to hold that the statute is permissive and precludes the granting of an order to compel such conveyance. It is clear that the county is not compelled to sell or convey, but if it wished to dó so, it could sell only to the former abutting owner. (Griefer v. County of Sullivan, 246 App. Div. 385.) Petitioners would have us go further and compel conveyance once the county has decided it no longer needs the land for highway uses.
The statute contemplates such conveyances as a means of compensating in full former abutting owners for damages sustained by reason of relocation of highways. Such conveyance is in lieu of an award of monetary damages. The statute permits this when the county decided it no longer requires for highway purposes the lands it has condemned. Implicit in the scheme of section 125 of the Highway Law is the fact that the former abutting owner has suffered compensable damages. If the statute were mandatory, a county could be compelled to convey land no longer needed for highway purposes to a former abutter who might not have sustained any damages at all.
Since one of the major questions involved in most condemnations for highway purposes is a loss of access, and since loss of access does not generally generate compensation if other suitable access is available, a mandatory construction of the statute would result in a windfall to abutting owners not entitled to be compensated. The questions of suitability of remaining access and compensation for loss of access are ones of fact to be deter *513 mined in light of highest and best use. (See Priestly v. State of New York, 23 N Y 2d 152, and cases cited therein.) This court, therefore, cannot place the construction upon section 125 of the Highway Law which petitioners urge.
Accordingly, the application is granted to the extent that this cause should be set down for hearings before this court to afford petitioners and respondents the opportunity to present their proofs so that the damages and compensation, if any, can be determined. The parties are directed to contact the clerk of this part so that said hearings can be held as quickly as possible.