■ JACOB W. FRIEDMAN, as Assignee, Appellant, v COUNTY EXECUTIVE OF THE COUNTY OF NASSAU et al., Respondents.—In a proceeding pursuant to section 125 of the Highway Law to compel respondents to convey to the petitioner-claimant a certain parcel of real property, constituting a portion of the bed of a former highway, so as to restore to him frontage on the relocated highway, the appeal is from an order of the Supreme Court, Nassau County, entered October 20, 1976, which denied the application. Order affirmed, without costs or disbursements. Section 125 of the Highway Law mandates that surplus property acquired for highway purposes, if it is to be conveyed at all, be conveyed by the board of supervisors to an abutting owner who will thereby gain frontage upon the new highway. The claimant-appellant qualifies as such an abutting owner. However, the statute is permissive as to whether such property is to be conveyed in the first instance and as to the terms or conditions of such transfer (see *Griefer v County of Sullivan,* 246 App Div 385, 387; *Matter of Retzler v County Executive of County of Nassau,* 67 Misc 2d 510, 512). At best, Ordinance No. 3-1975 connotes a determination by the respondent board of supervisors that Parcel 1R is unnecessary for highway purposes and may be disposed of. But whether the conveyance shall be (1) in full settlement of any damages sustained by the claimant by reason of the original taking, which damages have not yet been proven, as the claimant desires, or (2) in consideration of payment by the claimant to the county of a stated sum of money, as the county has offered, is a determination within the discretion of the board of supervisors. Hence, the claimant's application to compel respondents to convey parcel 1R to him in consideration of his release of any claim to damages, was properly denied. There is presently pending between the parties an "inverse condemnation" proceeding in which the claimant may prove any damages sustained by reason of the original taking, and whether he actually held fee title to a portion of the bed of former Union Avenue or merely compensable rights or easements of light, air and access. The claim of title raised by the claimant in the instant proceeding should properly be determined in that proceeding. If established, relief may be fashioned accordingly. Hopkins, J. P., Rabin, Hawkins and O'Connor, JJ., concur.