■ ANTOINE A. ZEID et al., Respondents, v EMIL KALDAWI et al., Appellants, et al., Defendant.—In an action pursuant to RPAPL article 15, *inter alia,* to declare the conveyance of certain real property from the defendant State of New York to the defendant Sunrise Carburetor and Auto Electric, Inc. void as violative of Highway Law § 30 (18), the defendants Emil Kaldawi and Sunrise Carburetor and Auto Electric, Inc. appeal from an order of the Supreme Court, Nassau County (Lockman, J.), entered March 13, 1987, which, *inter alia,* declared that the quitclaim deed from the State of New York to Sunrise Carburetor and Auto Electric, Inc. is void and directed Sunrise Carburetor and Auto Electric, Inc. to reconvey the real property to the defendant State of New York.

Ordered that the order is affirmed, with costs.

This appeal concerns the premises known as 5714 Old Sunrise Highway, which was formerly owned by Hummer Land Corp. The premises fronted on both Old Sunrise Highway and Clock Boulevard and in 1973 the State condemned a portion of the parcel which fronted on Old Sunrise Highway for the purpose of widening the highway. In 1980 the defendant Emil Kaldawi purchased the remainder of the parcel. Subsequently, the State discovered that it did not need the appropriated land for the expansion of the highway and offered to sell it to Kaldawi, who was then the owner of the abutting remainder parcel. Kaldawi refused the offer. On February 1, 1984, Kaldawi sold the remainder parcel to the plaintiffs. However, in 1985 Kaldawi represented to the State that the corporate defendant, of which he was a principal, was the owner of the remainder parcel. Based upon this representation, Kaldawi negotiated to purchase the condemned land for $7,700 as was originally offered in 1980. Thereafter, Kaldawi offered to sell this parcel to the plaintiffs for $150,000.

Subsequently, the plaintiffs commenced the instant action seeking to set aside the conveyance from the State to the corporate defendant, on the grounds, *inter alia,* that Kaldawi's misrepresentations induced the State to transfer the property and that the conveyance violated Highway Law § 30 (18).

The plaintiffs subsequently moved for summary judgment based upon the above facts, which were not disputed by the defendants. The Supreme Court found that the conveyance of the subject parcel violated Highway Law § 30 (18) and directed the defendant Sunrise Carburetor and Auto Electric, Inc.

(hereinafter Sunrise) to reconvey the parcel to the State. The court also found that fraud constituted an independent basis to rescind the transaction.

The contention of Kaldawi and Sunrise that the plaintiffs lack standing to maintain the cause of action alleging a violation of Highway Law § 30 (18) is without merit *(see,* RPAPL 1501 [1]; *Griefer v County of Sullivan,* 246 App Div 385, *affd* 273 NY 515, *rearg denied* 274 NY 587; *cf., Columbia Gas v New York State Elec. & Gas Corp.,* 28 NY2d 117). Thus the Supreme Court's implicit decision to reject this contention was proper.

The court also properly found that the conveyance of the subject parcel to Sunrise violated Highway Law § 30 (18), which states: "18. The commissioner of transportation may determine whether any property heretofore or hereafter acquired pursuant to this section for any of the purposes connected with the highway system of the state of New York may be, in whole or in part, sold or exchanged on terms beneficial to the state, and in all cases of such determination he may, subject to compliance with section four hundred six of the eminent domain procedure law and notwithstanding the provisions of any general, special or local law, so dispose of such property, provided however, that on highways where access is not controlled such disposal of property shall not thereby deprive an owner of any existing frontage thereon immediately in front of his premises. In order to carry any such sale or exchange into effect the commissioner of transportation is hereby authorized to execute and deliver, in the name of the People of the state, a quitclaim of, or a grant in and to, such property. Each such instrument of conveyance shall be prepared by the attorney general and before delivery thereof, shall be approved by him as to form and manner of execution".

Although Highway Law § 30 (18) by its express terms has been made subject to EDPL 406 (A), the latter statute is inapplicable to the situation at bar. EDPL 406 (A) requires that a former fee owner of property acquired for a State project which is abandoned within 10 years of the taking be offered the opportunity to repurchase the property at its fair market value. Inasmuch as the subject conveyance did not occur within 10 years of the taking and the plaintiffs are grantees of the former fee owner, EDPL 406 (A) is inapplicable.

Furthermore, since the parties correctly concede that Old Sunrise Highway is not a controlled-access highway *(see,* High-

way Law § 3 [2]), the proviso contained in Highway Law § 30 (18) is applicable to the issue presented on this appeal. In construing former Highway Law § 155, the subject matter of which is now covered by Highway Law § 30 (18), it was held that the proviso contained in the section was intended to protect the rights of an owner of land which abuts a highway *(Griefer v County of Sullivan,* 246 App Div 385, *affd* 273 NY 515, *rearg denied* 274 NY 587, *supra).* When land abuts upon a public street, appurtenant to such land is an easement of access over the public street whether or not the abutting owner owns the fee of the street *(Regan v Lanze,* 40 NY2d 475; *Griefer v County of Sullivan, supra; Dormann v State of New York,* 4 AD2d 979, *lv denied* 4 NY2d 676). Where, as at bar, a strip of land is acquired for highway purposes, the abutting owner is entitled to access *(see, Regan v Lanze, supra; Griefer v County of Sullivan, supra; Dormann v State of New York, supra).* Thus, when the plaintiffs bought the remainder parcel in 1984, they acquired the rights of abutting land owners and Highway Law § 30 (18) makes it clear that if the condemnor elects to sell a portion of the land acquired for highway purposes, it may only do so to the abutting land-owner, which in this case was the plaintiffs *(see, Griefer v County of Sullivan, supra).* Consequently, the Supreme Court properly directed Sunrise to reconvey the subject property to the State.

The Supreme Court improperly found, however, that fraud was an independent basis for setting aside the conveyance. The essential elements of a cause of action to recover damages for common-law fraud are that the "defendant knowingly uttered a falsehood intending to deprive the plaintiff of a benefit and that the plaintiff was thereby deceived and damaged" *(Channel Master Corp. v Aluminium Ltd. Sales,* 4 NY2d 403, 406-407; *see also, CPC Intl. v McKesson Corp.,* 70 NY2d 268, 285). Under the circumstances of this case, the plaintiffs were without standing to bring such a cause of action. Moreover, assuming arguendo that a complaint in fraud had been made by the proper party, summary judgment should not have been granted on this cause of action. It is well settled that "if the facts represented are not matters peculiarly within the party's knowledge, and the other party has the means available to him of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation, he must make use of those means, or he will not be heard to complain that he was induced to enter into the transaction by misrepresentations" *(Schumaker v*

*Mather,* 133 NY 590, 596; *Danann Realty Corp. v Harris,* 5 NY2d 317, 322). At the time the subject property was conveyed to the plaintiffs, the State could easily have discovered that the plaintiffs and not the defendant Sunrise were the record owners of the abutting remainder parcel. As such, fraud could not properly constitute an independent basis for rescinding the alleged conveyance.

The appellants' remaining contention, that they are entitled to receive compensation for certain improvements which were allegedly made to the parcel in dispute, has not been preserved for appellate review *(see, Risucci v Homayoon,* 122 AD2d 260). Moreover, this claim is based upon matters dehors the record and therefore we decline to consider it. Mangano, J. P., Brown, Eiber and Harwood, JJ., concur.