■ TOWN OF NEW HARTFORD, Respondent, v CONCETTO MAZZA, Appellant.—Judgment unanimously affirmed without costs. Memorandum: Defendant appeals from that portion of an order which granted plaintiff's motion for summary judg-

ment rescinding, on the ground of illegality, plaintiff's conveyance of a 795 square foot parcel (Parcel "B") to defendant. In setting aside the conveyance and ordering defendant to reconvey the property to plaintiff, the court upheld plaintiff's claim that the conveyance violated section 212-a of the Highway Law. On appeal, defendant contends that plaintiff is not entitled to relief under section 212-a of the Highway Law, and that the claim is barred by laches.

We agree with the Town's interpretation of the statute, which is that the Town may sell the abandoned highway land, or portions thereof, only to the abutting landowner (see, *Griefer v County of Sullivan*, 246 App Div 385, *affd* 273 NY 515; *Zeid v Kaldawi*, 147 AD2d 636, 638 [interpreting the similar provisions of Highway Law § 30 (18) and former Highway Law § 155], *lv denied* 74 NY2d 612). The interpretation advanced by defendant, that he is an "abutting" landowner to Parcel "B" by virtue of his prior acquisition of the adjacent Parcel "A", is at odds with the purpose of the statute, which is to guarantee that a landowner's access to the highway is not severed as the result of the rerouting of the highway. As the Town demonstrated in opposition to defendant's motion to dismiss, defendant's interpretation of the statute would allow a landowner, by sequential acquisitions of abandoned highway parcels, to cut off the highway access of all his neighbors. The statute grants a landowner the exclusive right to buy that portion of an abandoned right-of-way that lies between his property line and the new highway boundary. Here, because Parcel "B" abuts the property of defendant's neighbor, the conveyance of that parcel to defendant rather than to defendant's neighbor must be set aside on the grounds of illegality and mistake.

Contrary to defendant's contention, we conclude that the Town is a proper party to maintain an action directly against defendant. In a claim for rescission, judicial economy is served by allowing one party to the contract to sue the other.

Finally, we conclude that plaintiff's action is not barred by the doctrine of laches. Defendant has failed to show any prejudice or detrimental change of position as a result of the Town's "delay" in commencing this action. Both parties to the transaction are easily restored to the status quo ante. (Appeal from Judgment of Supreme Court, Oneida County, Grow, J.—Rescind Deed.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis JJ.