■ In the Matter of JOHN SCOGLIO, Appellant, v COUNTY OF SUFFOLK, Respondent. [612 NYS2d 75] —In a proceeding pursuant to CPLR article 78 to compel the respondent to convey to him a certain parcel of real property, constituting a portion of the bed of a former highway, so as to restore to him frontage on the relocated highway, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), dated November 19, 1991, which dismissed the proceeding.

Ordered that the judgment is modified, on the law, by adding a provision granting so much of the petition as sought to prohibit the respondent from offering the subject surplus property for sale or public auction to any other person, firm or corporation; as so modified the judgment is affirmed, without costs or disbursements.

The petitioner is the owner of a certain parcel of real property which, until approximately 1980, abutted County

Road 96 in Suffolk County. Thereafter, the County undertook a construction project which rerouted County Road 96 and resulted in a parcel of real property, constituting the former roadbed, lying between the petitioner's property and the new roadway. Upon the completion of the construction project, the unused portion of the former roadway was declared to be surplus property and, in July 1987 the petitioner began leasing the subject parcel from the County. The County subsequently had the surplus parcel appraised at $20,895 and scheduled an auction to sell the property on July 9, 1991.

In May 1991 the petitioner commenced the instant proceeding, seeking various relief, including, *inter alia,* to compel the respondent to convey the surplus parcel to the petitioner. The petitioner further sought, *inter alia,* to "[p]rohibit * * * the Respondent from offering said parcel for sale or public auction to any other person, firm or corporation". The Supreme Court denied the petitioner's application in its entirety and dismissed the proceeding. We modify by granting that branch of the petition which was to enjoin the County from selling the subject parcel to a person or entity other than the petitioner.

"Section 125 of the Highway Law mandates that surplus property acquired for highway purposes, if it is to be conveyed at all, be conveyed by [the governing body] to an abutting [land]owner who will thereby gain frontage upon the new highway" *(Friedman v County Executive of County of Nassau,* 58 AD2d 591; *see, Griefer v County of Sullivan,* 246 App Div 385, 387; *Matter of Retzler v County Executive of County of Nassau,* 67 Misc 2d 510, 512). It is uncontroverted that the petitioner is an abutting landowner within the meaning of the statute. However, it is clear that the statute is permissive as to whether the surplus property is to be conveyed in the first instance and as to the terms or conditions of such a transfer *(see, Friedman v County Executive of County of Nassau, supra).* Thus, the petitioner may not compel the County to convey the property to him, even though the County has decided it no longer needs the land for highway uses *(see, Matter of Retzler v County Executive of County of Nassau, supra).* Accordingly, the Supreme Court properly declined to compel the County to convey the surplus parcel to the petitioner.

However, while the petitioner may not compel the conveyance of the property to him, it is clear that pursuant to Highway Law § 125, he is entitled to purchase the surplus parcel in question if the County decides to sell it *(see, Friedman v County Executive of County of Nassau, supra; Griefer v County of Sullivan, supra; Matter of Retzler v County Execu-*

*tive of County of Nassau, supra).* Therefore, we conclude the Supreme Court should have granted that branch of the petition which sought to enjoin the County from offering the subject parcel for sale or public auction to someone other than the petitioner. Thompson, J. P., Copertino, Pizzuto and Santucci, JJ., concur.