*711
 
 OPINION OF THE COURT
 

 Levine, J.
 

 Petitioner is the owner of a parcel of real property in West Babylon which, until 1980, abutted in its entirety County Road 96 in Suffolk County. At that time, the respondent County, through condemnation proceedings, acquired certain lands along County Road 96 for the purpose of rerouting the road. The rerouting project resulted in a parcel of real property, the subject of this proceeding, situated between petitioner’s property and the new roadway, which parcel had constituted the former roadbed and had been acquired from owners other than petitioner. As a consequence of the rerouting, petitioner was deprived of over half of his former frontage on the highway, although he retained approximately 200 feet of continuous frontage on the new County Road 96. Upon completion of the project, the subject parcel was declared to be surplus property, and in July 1987 petitioner began to lease the parcel from the County. However, the County subsequently proceeded to have the parcel appraised and scheduled a public auction to sell it.
 

 Petitioner commenced this CPLR article 78 proceeding seeking an order prohibiting respondent from offering the parcel for sale or public auction to any other person, firm or corporation and requiring respondent to convey the parcel to petitioner. Supreme Court dismissed the petition in its entirety, but the Appellate Division modified, relying on Highway Law § 125, by granting so much of the petition as sought to prohibit respondent from offering the parcel for sale or auction to anyone other than petitioner (204 AD2d 555). This Court granted respondent leave to appeal, and we now affirm.
 

 The Appellate Division properly construed Highway Law § 125 as requiring that if respondent elects to sell the subject surplus parcel at all, it must sell it to petitioner, an abutting landowner within the contemplation of the statute
 
 (see,
 
 
 *712
 

 Griefer v County of Sullivan,
 
 246 App Div 385,
 
 affd
 
 273 NY 515). Highway Law § 125 provides in pertinent part:
 

 "The governing body may, where it has acquired land by purchase or condemnation as a right-of-way for a county road, sell, convey, grant or lease to the owner or owners of property adjoining the same, so much thereof as may be unnecessary for such highway purposes * * * provided such sale, conveyance, grant or lease will give said adjoining owner or owners of land a frontage immediately in front of their respective premises upon the new highway and right-of-way when completed.”
 

 The evident intent of the statute is to protect the abutting landowner and prevent the abridgement or extinguishment of the rights traditionally attaching to lands adjoining a highway
 
 (see, Griefer v County of Sullivan, supra,
 
 at 386-387). An owner of land adjoining a highway or street possesses, as an incident to such ownership, easements of light, air and access, from and over the highway in its entirety to every part of his or her land, regardless of whether the owner owns the fee of the highway or street itself
 
 (id.,
 
 at 386;
 
 Donahue v Keystone Gas Co.,
 
 181 NY 313, 318-319;
 
 Kane v New York El. R. R. Co.,
 
 125 NY 164, 180). When respondent acquired the parcel in question solely for highway purposes, it became part of the right-of-way of the new highway, and thus remained burdened with the usual rights, including access, of the abutting owner
 
 (Regan v Lanze,
 
 40 NY2d 475, 483;
 
 Griefer v County of Sullivan, supra,
 
 at 386-387). By requiring that, when the new highway is completed, any surplus properties may only be conveyed to an abutting owner who will thereby gain frontage on the new highway, Highway Law § 125 serves to preserve these preexisting, appurtenant rights.
 

 The Appellate Division further correctly recognized, however, that section 125 is permissive as to whether the property is to be sold by the County in the first instance
 
 (Griefer v County of Sullivan, supra,
 
 at 387;
 
 see also, Friedman v County Executive of County of Nassau,
 
 58 AD2d 591). The statute provides only that the County "may” lease or convey surplus property deemed unnecessary for highway purposes in the manner provided, and cannot be read to require the County to do so. Therefore, the Appellate Division properly affirmed the denial of petitioner’s prayer to compel the County to convey the parcel to him on this basis.
 

 
 *713
 
 Respondent’s contention that section 125 should be construed as granting only a right of first refusal to petitioner to purchase the surplus parcel is untenable. It is highly significant that the Legislature saw fit to amend the statute in 1937 to include such a right of first refusal for adjoining landowners only as to certain surplus lands in Wayne County (L 1937, ch 529). The legislative history of that amendment reveals that the legislation was deemed necessary because "the adjacent property owners [did] not care to exercise their rights to buy” (Letter from Wayne County Highway Superintendent, Bill Jacket, L 1937, ch 529, at 3). This provision of a right of first refusal confined to certain specific lands referred to in the statute strongly suggests that the Legislature had not intended only to confer such a restricted remedy on abutting landowners under section 125 as a general rule.
 

 No more persuasive is respondent’s argument that petitioner falls outside the purview of Highway Law § 125 because he has not established compensable consequential damages as a result of the relocation of County Road 96. After setting forth the general authority of the County to lease or convey surplus property to abutting landowners in the language quoted above, Highway Law § 125 further provides that "[t]he governing body may make such sale, conveyance, grant or lease to such owner or owners of real property
 
 for the purpose of compensating such owner or owners for damages sustained by reason of the change of the location of such highway and in full settlement thereof”
 
 (emphasis supplied). This provision unambiguously refers to abutting landowners who are eligible for compensatory damages as a result of the highway relocation and permits the County to avoid payment thereof by a lease or conveyance of surplus properties. A construction of section 125 as limiting the rights thereunder to only this narrow class of landowners who have suffered compensable damages would render the preceding general provision surplusage, violating a settled tenet of statutory construction that effect and meaning must be given, if possible, to every part and word of a statute
 
 (Sanders v Winship,
 
 57 NY2d 391, 396; McKinney’s Cons Laws of NY, Book 1, Statutes § 98).
 

 Finally, respondent’s reliance on
 
 Bopp v State of New York
 
 (19 NY2d 368) and
 
 Selig v State of New York
 
 (10 NY2d 34) in support of this contention is misplaced. Although those cases hold that consequential damages resulting from a mere interference with access of an abutting owner by reason of a
 
 *714
 
 highway relocation are
 
 damnum absque injuria
 
 and noncompensable where other suitable access is available to the landowner, neither addressed the sale of surplus property under Highway Law § 125.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Ciparick concur.
 

 Order affirmed, with costs.