■ In the Matter of Strong's Marine Centers, Inc., Respondent, v Franklin E. White et al., Appellants. [630 NYS2d 788] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Transportation, dated May 6, 1987, directing the petitioner to quit certain premises within 30 days, the appeal is from a judgment of the Supreme Court, Suffolk County (Dunn, J.), dated November 25, 1991, which, *inter alia*, granted the petition, annulled the determination, and directed the New York State Department of Transportation to sell the subject properties to the petitioner.

Ordered that the judgment is modified, on the law, by (1) deleting the first, third, fifth, and seventh decretal paragraphs thereof, (2) deleting from the fourth decretal paragraph thereof all words following the words "set aside" until the words "and it is further", and (3) adding to the sixth decretal paragraph thereof, after the word "vendee", the following: "of parcel #252"; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a new hearing to determine the fair market rental value of parcels #252 and #253 from March 1, 1986, onward.

The record reflects that in or around 1970 the State of New York Department of Transportation (hereinafter DOT) condemned part of the petitioner's land, herein denominated parcel #252, for a since-abandoned highway expansion project. Since the date of condemnation, the petitioner has rented parcel #252 from the State. It has also rented the parcel adjoining its own, belonging to a family named Tersteige, as well as an additional condemned parcel abutting the Tersteiges' property, parcel #253. For many years the petitioner has run a boat-selling and storage business on this combined property, which borders on Great Neck Creek. Although the petitioner entered into a contract with the Tersteiges to buy their parcel, as well as their rights to purchase #253 if and when the State decides to sell it, that contract has apparently been in litigation.

After the petitioner made certain improvements on parcels

#252 and #253, the DOT advised the petitioner that, beginning in March 1986, it was quadrupling the rent it was charging for the condemned parcels based, in part, on the improvements the petitioner had made. The petitioner resisted paying the new rent and requested a reevaluation of the increase. In the alternative, the petitioner requested that the DOT sell the parcels to it. In a letter dated December 30, 1986, the DOT indicated that its new policy was to sell surplus lots like the ones at bar at public auctions rather than at private sales. The letter indicated that until the DOT's appraisal of the parcels was complete and a sale finalized, the petitioner could either pay the increased rent or face eviction. The DOT thereafter served a 30-day "Notice to Quit" on the petitioner. The petitioner then commenced this CPLR article 78 proceeding, *inter alia,* to compel the DOT to sell the property to it.

Initially, we note that the respondents have the authority to retain condemned realty for as long as they like, for whatever use they deem appropriate, or for no use at all *(see, Matter of Botillo v State of New York,* 53 AD2d 975). A court may not compel the State to convey such condemned parcels to individuals like the petitioner at bar *(see, e.g., Matter of Scoglio v County of Suffolk,* 85 NY2d 709). However, in the event that the DOT does decide to sell parcel #252, it is constrained by Highway Law § 30 (18) to sell it at fair market value to the abutting land owner because to do otherwise would deprive the petitioner of its sole existing frontage on Montauk Highway *(see, e.g., Matter of Scoglio v County of Suffolk, supra; Town of New Hartford v Mazza,* 177 AD2d 1062, 1063; *Zeid v Kaldawi,* 147 AD2d 636, 638; *see also,* Highway Law §§ 65, 125).

In the meantime, the matter is remitted to the Supreme Court, Suffolk County, to determine, in light of comparable fair market rentals, reasonable separate monthly rentals for parcels #252 and #253, computed from March 1, 1986, onward *(see, e.g.,* EDPL 305; *Spiegelberg v Gomez,* 44 NY2d 920, 921-922; *see also, State of New York v Rospendowski,* 110 AD2d 1031). A new hearing is required because the current rent of $515 a month, urged by the petitioner and adopted by the Supreme Court, is too low according to even the petitioner's expert, while the appraisal on which the DOT based its proposed increased rent of $2,200 a month has been lost since the hearing and so is not susceptible to review on this appeal. O'Brien, J. P., Ritter, Santucci and Friedmann, JJ., concur.