Samuel Babin, J.
In this action brought by the purchaser for the specific performance of an alleged contract for the purchase and sale of vacant land or, in the alternative, for damages for loss of bargain in the sum of $274,181, the defendant has denied the existence of an agreement and has pleaded the Statute of Frauds and that the premises involved constituted a part of its works and system which are used in the public service and were necessary for the performance of its duty to supply gas in the territory embraced within its franchises.
The theory of plaintiff’s cause of action is that although the agreement to purchase and sell the property was oral, there was a memorandum in writing signed by the defendant, as the party to be charged, which satisfies the Statute of Frauds.
The facts are these: Some time in May, 1956 the plaintiff advised the defendant through W. B. Hewson, a vice-president in charge of defendant’s “ promotion and service and commercial operations,” that he was interested in purchasing the subject property known as the Springfield Yard in Queens County, New York. A number of conferences ensued during which plaintiff submitted several offers. Finally, plaintiff received the following letter, dated June 18, 1956, over the signature of W. B. Hewson, and on the letterhead of the defendant:
*51 “ This will acknowledge receipt of a check from you in the amount of $13,424.00. This payment is made by you as an indication of your interest in purchasing the property of this company, comprising about 190,000 square feet, and known as the Springfield Yard, located on Springfield Boulevard in the Borough of Queens, the purchase price to be $134,243.00.
“ This offer will be placed before the management of this company and any sale resulting from the offer is subject to the company’s approval, that of its Board of Directors, and the New York State Public Service Commission. No commitment to the sale of this property is implied by the acceptance of this deposit, such possible sale being entirely subject to a sales contract satisfactory to the company and to you. In the event of such sale, the above amount received from you will be applied to the purchase price.
££ It is understood that this proposed sale is non-commission-able, no real estate brokers having been involved.
‘ ‘ While this deposit is being held by this company, no other offer for this property will be entertained and, in any event, a conclusion to these negotiations will be reached within thirty days of the date of this letter.”
A meeting of the defendant’s board of directors was held on June 27,1956, at which time the president advised the board of an interest expressed in the purchase of the Springfield Yard. He reported that except for present needs for pipe storage the defendant had no indication of any future use for the Springfield Yard. He recommended that the officers be authorized in their discretion to sell the property. Thereupon the following resolution was passed: '£ The Chairman stated that except for present needs for pipe storage, the Company had no indication of future use for its property at Springfield. He recommended that the officers be authorized to sell this property and on motion, duly seconded, the officers were authorized in their discretion to sell the property known as the Springfield Storage Yard, situated on Farmers Boulevard adjoining the westerly side of the right of way of the Long Island Rail Road. ’ ’
The plaintiff was subsequently advised that the offer had been approved and he was invited to the defendant’s office to discuss the terms of the contract. An appointment was made, but when the plaintiff arrived he was advised that the defendant had decided not to sell the property to him; that the deal was off, and the return of his deposit was tendered.
It is the plaintiff’s contention that the defendant unequivocally accepted his offer to purchase the property in accordance *52 with the terms of the letter of June 18, 1956, and that such letter constitutes the memorandum which takes this case out of the ambit of the Statute of Frauds. Plaintiff urges further that the acceptance of his oral offer was made when vice-president Hewson notified him of the action of the defendant’s board of directors on June 27, 1956.
Taking as true the testimony of the plaintiff that the defendant orally agreed to sell the property to him, this court is of the opinion that the plaintiff cannot recover unless there exists a memorandum signed by the defendant which contains the essential elements of a contract for the purchase and sale of real property.
Concededly, the letter of June 18, 1956, is the only writing or memorandum upon which the plaintiff relies to satisfy the provisions of section 259 of the Real Property Law. So far as pertinent that statute provides that a contract for the sale of any real property, or an interest therein, ‘1 is void, unless the contract, or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged, or by his lawful agent thereunto authorized by writing.” The letter of June 18, 1956, however, does not satisfy the foregoing requirements. It is merely an acknowledgment of the receipt of plaintiff’s offer to purchase the. property. In no way does it indicate acceptance thereof. Indeed, it negates such acceptance. The subsequent resolution passed by the defendant’s board of directors was no more than authorization to the officers to sell the subject property. Defendant’s subsequent oral notification that the offer had been approved was not sufficient to create the enforcible contract contemplated by section 259.
Under these circumstances the court finds that no enforcible contract to sell the property exists and, therefore, the complaint must be dismissed on the merits. There will be no costs. This memorandum constitutes the decision of the court within the meaning of section 440 of the Civil Practice Act.
Submit judgment.