■ Juan R. R. Cruz et al., Respondents, v S & S Corrugated Paper Machinery Co., Inc., et al., Appellants. (And a Third-Party Title.) — In an action to recover damages for personal injuries, etc., defendant S & S Corrugated Paper Machinery Co., Inc. (hereinafter S & S) appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Adler, J.), dated October 5, 1982, as denied its motion to dismiss the second and third causes of action asserted in plaintiffs' amended complaint as against it. ¶ Order affirmed, insofar as appealed from by defendant S & S, with costs. ¶ On the court's own motion, appeal by defendant Langston Division of Molins Machine Co., Inc., from the order dated October 5, 1982 dismissed for failure to timely perfect the same (22 NYCRR 670.22 [f]), without costs or disbursements. ¶ Although Special Term erred in treating the motion of defendant S & S to dismiss the second and third causes of action asserted in plaintiffs' amended complaint as against it pursuant to CPLR 3211 as a motion to reargue plaintiffs' previously granted motion to amend the complaint, an examination of the merits of the motion of defendant S & S discloses that those causes of action set forth in the amended complaint as against it cannot be dismissed as a matter of law. ¶ Defendant S & S argues that plaintiffs' second cause of

action, sounding in strict products liability, should be dismissed because the amended complaint was not served until more than three years after plaintiff Juan Cruz sustained physical injury. While it is true that the amended complaint was served more than three years after that injury, plaintiffs' strict products liability claim is not barred by the Statute of Limitations because it is deemed to have been interposed at the time the claims in the original pleading were interposed, provided that the original pleading gave defendant S & S notice of the transaction or occurrence to be proved in the amended pleading (CPLR 203, subd [e]; *Carlisle v County of Nassau,* 75 AD2d 593). The original pleading, sounding in negligence only, fully apprised defendant S & S of the facts and circumstances surrounding the accident of plaintiff Juan Cruz. Since the original pleading put defendant S & S on notice of the transaction or occurrence underlying the strict products liability claim, the time of interposition of that claim is deemed to relate back to the date the claims in the original pleading were interposed and is, therefore, timely (CPLR 203, subd [e]; see *Caffaro v Trayna,* 35 NY2d 245). ¶ The plaintiffs' third cause of action is based upon breach of implied warranty. Defendant S & S contends that the third cause of action should be dismissed because (1) no privity exists between it and the plaintiffs, and (2) it is barred by the Statute of Limitations. However, this cause of action, likewise, cannot be dismissed as against defendant S & S as a matter of law. ¶ The amended complaint alleges that prior to February 17, 1984, defendant S & S sold certain machines and a motor and horizontal drive shaft which allegedly caused injury to the plaintiff Juan Cruz. The affirmation of an associate in the law firm representing defendant S & S asserts that S & S completed the sale of "one of the machines in question" in 1945. This statement by a person without personal knowledge of the facts was insufficient to establish the actual date of sale and, accordingly, it cannot be determined from the record before us what that date was. As a result, we are unable to determine whether plaintiffs must establish the existence of privity as a condition for asserting a cognizable claim for recovery against defendant S & S (*Martin v Dierck Equip. Co.,* 43 NY2d 583), or whether plaintiffs' warranty claim is time barred (*Doyle v Happy Tumbler Wash-O-Mat,* 90 AD2d 366). Consequently, the motion of defendant S & S must be denied. Lazer, J. P., Thompson, Weinstein and Niehoff, JJ., concur.