OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Petitioner’s property was condemned by the City of New York in 1971. At that time, the City planned to use the property for a new courthouse for the New York City Civil Court. The courthouse was never constructed. Instead, in 1982 and 1986, the City made efforts to lease the property to private tenants.
Petitioner commenced the present proceeding in 1986 to prohibit the City from taking further steps to lease the property or otherwise dispose of it without permitting it a right of first refusal. Claiming that the City’s original purpose in acquiring the property had been abandoned, petitioner invoked EDPL 406 (A) (as amended by L 1982, ch 356), which provides that if condemned property has not been "materially *826 improved” and the condemning authority abandons "the project for which the property was acquired,” the condemning authority may not "dispose of the property or any portion thereof for private use within ten years of acquisition without first offering the former fee owner of record at the time of acquisition a right of first refusal to purchase the property” (emphasis supplied). Both courts below rejected petitioners’ claim, holding that even if all of the other statutory elements were present, an attempt by the City to lease condemned property is not a "disposition” sufficient to trigger the operation of the statute. We agree.
A primary rule of statutory construction is that words in legislative enactments are to be given their "natural and most obvious meaning” (Matter of Capital Newspapers v Whalen, 69 NY2d 246, 251). It is apparent that the term "dispose of,” as used in EDPL 406 (A), refers to a sale, assignment or other method of transferring title to the property to a private party. First, in ordinary parlance, the term "dispose of’ is most often used to convey permanent and complete transfer of a particular tangible or intangible property. Second, the purpose of EDPL 406 (A) is to give the former owner a right of first refusal "to purchase the property”, a remedy that would seem disproportionate if it were triggered even by an effort of the condemning authority to enter into a short-term lease. Finally, the conclusion that the term "dispose of’ in EDPL 406 (A) refers only to sales of the property is reinforced by the statements of the statute’s drafters that its purpose was to give former property owners a right of first refusal "before [the] property is offered for public sale” (1973 Report of State Commn on Eminent Domain and Real Property Tax Assessment Review, at 51 [emphasis supplied]).
For all of these reasons, we conclude that petitioner, which claims only that the City has attempted to lease the condemned property after abandoning its original project, has not stated a basis for relief under EDPL 406 (A). Accordingly, its petition was properly dismissed.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs, in a memorandum.