*232 OPINION OF THE COURT
William B. Braatz, J.
Petitioner herein, Saul Shapiro, by a show cause order dated May 17, 1995, has made an application for a judgment pursuant to CPLR article 78 annulling the resolution of the Town Board of the Town of Carmel of May 8, 1995, approving the sale of a portion of the subject property for private use to a third party; staying sale of a portion of the subject property to a third party pursuant to the approval of the Carmel Town Board on May 8, 1995, pending disposition of this petition; compelling the respondents to offer petitioner the right of first refusal to purchase a portion of the subject property at fair market value pursuant to EDPL 406 and for other and further relief. Respondents have filed a verified answer dated August 13, 1995. Both sides have filed pretrial memoranda of law. On October 8 and 10, 1996, a trial was held on this matter. Both sides were directed to and subsequently filed memoranda of law by November 8, 1996 in lieu of summations in support of their respective positions.
FACTUAL BACKGROUND
In 1981, petitioner was the owner, along with Emil Landau, of approximately 93 acres of undeveloped real property located in the Town of Carmel, County of Putnam, State of New York. On or about August 26, 1981, the Town Board of the Town of Carmel (hereinafter Town Board) made a determination pursuant to the EDPL to acquire a portion of the property owned by petitioner and Emil Landau comprising approximately 19.3 acres (hereinafter referred to as Subject Property). The Town’s purpose in taking the Subject Property was to provide and construct a "solid and liquid waste disposal facility”. (Exhibit 1-AA.) On or about October 7, 1981, the Town of Carmel instituted a proceeding to acquire the Subject Property and to file a map of acquisition vesting title in the Town of Carmel. On or about December 18, 1981, an order of condemnation providing for the acquisition of the Subject Property by the Town of Carmel and authorizing filing of the acquisition map was granted and duly entered. On January 27, 1982, the order was filed with the Clerk of the County of Putnam, together with the acquisition map, title to the Subject Property thereby vesting in the Town of Carmel. The Town of Carmel had made an advance payment of $203,385 to condemnees Emil Landau and Saul Shapiro in connection with the acquisition. On May 20, 1982, Emil Landau and petitioner filed a claim for ad *233 ditional damages. An order upon stipulation settling the claim of Emil Landau and petitioner for a total amount of $325,000 was signed by this court on November 26, 1984.
On or about January 30, 1985, the Town Board decided to abandon its plan to develop a solid and liquid waste disposal facility and passed a resolution authorizing the lease of the recycling building for a period of one year. Subsequent resolutions authorized further leases through 1990.
As to the original condemnees, Emil Landau conveyed his interest in the contiguous remainder parcel of land acquired by the Town of Carmel through eminent domain to Emil Landau and Stuart Simon as trustees under the Emil Landau revocable trust by deed dated July 10, 1992, and recorded July 23, 1992. Thereafter, Rela Golan, Lorraine Landau Herbst and Joanne Landau Schwalb, successor trustees of Emil Landau, deceased trustee, and Stuart Simon as trustees under the Emil Landau revocable trust, transferred Emil Landau’s former interest in the contiguous remainder parcel to petitioner’s son, Stephen Shapiro, by deed dated December 29, 1992, and recorded December 30, 1992. Petitioner Saul Shapiro transferred his interest in the contiguous remainder parcel to Stephen Shapiro by deed dated December 21, 1992 and recorded December 30, 1992.
In or about 1995, the Town of Carmel entered into negotiations to sell approximately 8.33 acres of the total 19 acres it had acquired from Emil Landau and Saul Shapiro to New York Suburban Ice Rinks, Inc. at a purchase price of $600,000. On May 8, 1995, the Town of Carmel passed a resolution authorizing entry into a contract and entered into said contract dated May 15, 1995. By deed dated April 13, 1995 and recorded May 1, 1995, petitioner’s son, Stephen Shapiro, conveyed one half of 1% interest (.5%) in the contiguous remainder parcel back to his father, the petitioner herein. By letter dated May 1, 1995, petitioner and Stephen Shapiro, through counsel, notified the Town of Carmel Supervisor of their claim of a right of first refusal pursuant to EDPL 406 (as added by L 1977, ch 839, § 1). Petitioner filed a petition sworn to on May 17,1995, with order to show cause in the instant proceeding. By letter dated June 13, 1995, the attorney for New York Suburban Ice Rinks, Inc. advised the Town Board that it was canceling the May 15, 1995 contract.
*234 DISCUSSION
1. Abandonment
As an initial matter, the testimony showed that the May 15, 1995 contract for the sale of the Subject Property acquired by the Town of Carmel, through eminent domain from condemnees Emil Landau and Saul Shapiro has been canceled. Additionally, the trial testimony remains undisputed that there is no current contract to sell either all or a portion of the parcel of land acquired by the Town of Carmel by eminent domain. The court agrees with the respondents, therefore, that the relief requested in the petition is moot. Both parties, however, have requested that the court convert this action to one for a declaratory judgment, which declares whether petitioner, Saul Shapiro, has any right of first refusal in the event the Town of Carmel elects to sell in the future either a portion or all of the property acquired by eminent domain from Emil Landau and Saul Shapiro. The trial testimony indicates that both sides agree that the applicable law in this proceeding is EDPL 406 (former [A]) (as added by L 1977, ch 839, § 1). Although the petition is denominated as pursuant to article 78, it will be treated as a demand for a declaratory judgment with respect to the question of petitioner’s right of first refusal pursuant to EDPL 406 (former [A]) with respect to any future sale of the Subject Property by the Town of Carmel.
Both sides are also in agreement that the case at bar involves a partial taking thereby requiring the property to be offered first to the condemnee at fair market value if three conditions are met. It is the interpretation of these three conditions which are at issue.
The first condition makes reference to a 10-year time limitation. Both sides provide their own interpretation of this time requirement and argue the absence of case law on this issue presents itself as an issue of first impression. The applicable section reads as follows:
" § 406. Abandonment
"(A) If, within ten years after the acquisition of a fee owner condemnee’s property in fee, the condemnor shall abandon the project for which the property was acquired, and the property has not been materially improved, the condemnor shall not dispose of the property or any portion thereof for private use without first offering such former fee owner a right of first refusal to purchase the property at the amount of the fair market value of such property at the time of such offer. In the *235 event that the acquisition was a partial taking in fee, such offer need not be made unless the former fee owner condemnee has title to the contiguous remainder parcel at the time the condemnor determines to dispose of the property. A notice of the offer shall be served on the condemnee by registered or certified mail return receipt requested. The condemnee shall have sixty days after service of such notice to serve a written acceptance upon the condemnor.” (EDPL 406 [former (A)].)
EDPL 406 (A) was amended by section 14 of chapter 356 of the Laws of 1982. Section 22 of chapter 356 of the Laws of 1982 provides, in pertinent part, "This act [L 1982, ch 356] shall take effect immediately [June 21, 1982] but shall not apply to any acquisition or proposed acquisition for which the publication of notice of public hearing thereon required by section two hundred two of the eminent domain procedure law has commenced prior to such effective date.”
The amendment specifically exempts from its application acquisitions prior to June 21, 1982. The acquisition date of the Subject Property was January 27, 1982, prior to the effective date of the June 21, 1982 amendment.
Petitioner argues that because the Town of Carmel abandoned the intended purpose for the property in or about 1985, within three years of the condemnation, the 10-year "abandonment” condition has been met. Respondents contend, however, that EDPL 406 (former [A]) as originally enacted in 1977 did not create a perpetual right of first refusal in former fee owners. They contend that the public entity must have abandoned the public project for which the property was acquired by eminent domain and then disposed of said property by sale within 10 years after acquisition in order for the petitioner’s right of first refusal to come into play. Respondents argue that to adopt the petitioner’s interpretation of the 10-year time requirement would require public entities who abandoned the project within 10 years of the acquisition of the property but did nothing to dispose of it for 10, 20, or more years after the date of acquisition, to still be required to trace the former fee owners in perpetuity. This interpretation, respondents argue, strains the wording of the statute.
The court agrees with both sides that only a limited amount of New York case law exists to aid the court in interpreting EDPL 406 (former [A]) and the meaning of "abandonment”. In Zeid v Kaldawi (147 AD2d 636, 637 [2d Dept 1989], lv denied 74 NY2d 612), the Court discusses a 1985 transfer of property obtained by the State of New York by condemnation in 1973 in *236 violation of Highway Law § 30 (18) and states as follows: "Although Highway Law § 30 (18) by its express terms has been made subject to EDPL 406 (A), the latter statute is inapplicable to the situation at bar. EDPL 406 (A) requires that a former fee owner of property acquired for a State project which is abandoned within 10 years of the taking be offered the opportunity to repurchase the property at its fair market value. Inasmuch as the subject conveyance did not occur within 10 years of the taking and the plaintiffs are grantees of the former fee owner, EDPL 406 (A) is inapplicable.” (Emphasis added.)
This language appears to indicate that EDPL 406 (former [A]) is not applicable to conveyances which take place more than 10 years after the taking of the property.
The testimony at trial showed that the Town of Carmel did not attempt to dispose of the property until May 1995. The facts additionally showed that the Town of Carmel acquired the property in January 1982. Thus, the Town was under no obligation to extend a right of first refusal to the former fee owners in 1995 as 10 years had passed from the date of acquisition to the date of disposition. Additionally, contrary to the petitioner’s contention, the leasing of the Subject Property by the Town of Carmel from 1985 through 1990 cannot be used as dates of disposition as leasing of property does not constitute a "disposition” of property within the meaning of EDPL 406 (former [A]). (Matter of Chamberlain Trust v Litke, 73 NY2d 824 [1988].)
2. Title in Contiguous Remainder
The testimony shows that both sides concede that the acquisition by the Town of Carmel in 1982 was a partial taking in fee. Both prior to the 1982 amendment and after, EDPL 406 (A) states that no offer of a right of first refusal must be made by the condemnor unless the former fee owner has title to the contiguous remainder parcel at the time the condemnor determines to dispose of the property.
The petitioner himself testified that as of December 30, 1992, the public records indicated he had no record interest in the contiguous remainder parcel. The exhibits presented during trial additionally established that petitioner had no record interest in the contiguous remainder parcel as of that date. Although petitioner acknowledged that he had no recorded interest in the contiguous remainder as of December 1992, he testified that this was immaterial as he and son Stephen Shapiro had an understanding that petitioner "would be a partner in *237 the property and participate in the burdens and in the benefits of ownership.” Additionally, the exhibits at trial indicated Emil Landau, the cocondemnee, had no record interest in the contiguous remainder parcel as of December 30, 1992. Therefore, even using petitioner’s own interpretation of the 10-year time period, to wit: 10 years from the 1982 date of acquisition, neither of the two former condemnees held title to the contiguous remainder as of December 30, 1992. Therefore, petitioner held no record interest in the Subject Property for approximately 2½ years prior to the Town’s contract of sale with Suburban Ice Rinks, Inc.
Petitioner argues that EDPL 406 (former [A]) does not state that the exact title need be held at the time of disposition of the Subject Property. Petitioner contends, therefore, that it does not matter that condemnee Emil Landau no longer has title to the contiguous remainder property. Petitioner also states that EDPL 406 (former [A]) does not even require him to hold title to the contiguous remainder except on the dates the Town determined to dispose of the property, to wit: January 30, 1985 or May 3, 1995. The court finds these arguments unpersuasive. As to the January 30, 1985 date, the court has already indicated that the leases which were authorized by the Town from 1985 until 1990 do not constitute a "disposition” of property within the meaning of EDPL 406 (former [A]). (See, Matter of Chamberlain Trust v Litke, supra.) As to the argument that title to the contiguous remainder need only be held by petitioner on the May 3, 1995 date, the court is guided by the 1974 Report of the State Commission on Eminent Domain and Real Property Tax Assessment Review which states, in relevant part (at 40-41):
"Comment § 406 * * * In cases of a partial taking in fee the offer need only be made to the former fee owner in possession, since the intent is to unify the property as it existed before the acquisition. ” (Emphasis supplied.)
The court finds that the above-mentioned "Comment to Section 406” is indicative of the Legislature’s intent to attempt to put the parties back to the same position as existed before the acquisition. Petitioner’s argument that only he need hold title to the contiguous remainder on the date of disposition would therefore appear to be contrary to the legislative intent of this section.
Petitioner seems to argue that although he had no title to the contiguous remainder in December 1992, he "resurrected” that interest by having his son Stephen Shapiro convey one *238 half of 1% (.5%) interest in the contiguous remainder parcel to him by deed dated April 13, 1995 and recorded May 1, 1995. The court finds that to interpret EDPL 406 (former [A]) as allowing the petitioner to resurrect his interest in the Subject Property in this manner would be unjust.
Additionally, petitioner testified that by deed dated December 20, 1982, approximately 13 acres of the land retained by petitioner was conveyed by him to B’nai Zion, a charitable organization. In 1992 another parcel of land was conveyed by the petitioner to the County of Putnam. The court finds the statute’s apparent intent "to unify the property as it existed before the acquisition” would be frustrated by not holding that the reconveyance of a .5% interest from petitioner’s son to petitioner as well as the conveyances of the two parcels of land near the condemned property terminated any right of first refusal.
3. Material Improvement
The third condition discussed in EDPL 406 (former [A]) states that there is no right of first refusal if the property has been "materially improved”. Petitioner contends that this term must be construed by considering the property as it exists at the time of disposition. Petitioner presented testimony from two witnesses, Eugene Albert, a real estate appraiser, and Peter Scott, an engineer and architect. Both witnesses testified that in their opinions the Subject Property had never been materially improved. Both witnesses presented numerous data on the economic and land value of the Subject Property as it existed at the time of disposition in 1995. Mr. Albert testified that in his professional judgment the building is presently used to store salt and has a land value of zero. He also testified that the building has an economic value of zero. He concluded that demolition and removal would "free the site for a higher and better use”.
Respondents contend that the term "materially improved” should be measured by looking at the property at the time of acquisition. They argue that the Subject Property was materially improved for the purpose it was originally taken and in furtherance of the public purpose for which the property was acquired.
On October 10, 1996, this court viewed the Subject Property. Additionally, the Town Board minutes show that the Town of Carmel intended to conduct a recycling operation and a landfill on the Subject Property. The Town Board minutes show the *239 Town awarded contracts totaling $234,937 for site improvements and building construction. The Town acquired the property for $325,000 from Emil Landau and Saul Shapiro. As pointed out by the respondents, the Town expended between 60 to 72% of the land value on improvements.
The court therefore finds that the Property was materially improved under EDPL 406 (former [A]). The court finds that the term "material improvement” must be measured from the time of acquisition for the purpose it was taken and not merely be considering the property at time of disposition. Any other interpretation of the statute would not be keeping with the statute’s apparent intent which consistently uses as its point of reference the time of acquisition.
CONCLUSION
The court finds that EDPL 406 (former [A]) as originally enacted in 1977 only requires a public entity to offer a right of first refusal to the former fee owner if it abandoned the public project for which the property was acquired and then disposed of the property acquired by eminent domain by sale within 10 years after acquisition. Additionally, the transfer of title by petitioner to his son in 1992 of the contiguous remainder parcel extinguished any right of first refusal petitioner may have had. Finally, the testimony and exhibits showed that the Town of Carmel materially improved the Subject Property after the Town acquired it by condemnation.
Based on the foregoing, the court finds that the petitioner, Saul Shapiro, has no right of first refusal in the event the Town of Carmel should sell all or a portion of the property it acquired by eminent domain from condemnees Emil Landau and Saul Shapiro in January 1982.
The petitioner’s application for other and further relief is denied.