■ AILENE PARKER, Respondent, v CITY OF NEW YORK DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT, Appellant. [654 NYS2d 801] —In an action pursuant to RPAPL article 15 to determine claims to certain real property, the defendant appeals from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated January 13, 1995, as, upon denominating its motion for partial summary judgment dismissing the second cause of action in the amended complaint as a motion to reargue, denied the motion. Justice Krausman has been substituted for the late Justice Hart (*see*, 22 NYCRR 670.1 [c]).

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, the defendant's motion for partial summary judgment is granted, and the second cause of action in the amended complaint is dismissed.

In 1970, the defendant, City of New York Department of Housing Preservation and Development, obtained the subject premises pursuant to a condemnation order as part of the Atlantic Terminal Urban Renewal Project. The owners, Ermine Parker and Laura Andrews, received a condemnation

award of $19,500. Subsequently, the owners entered into a contract with the defendant which permitted them to continue to reside at the premises for a monthly rental of $125, which was to be charged to their condemnation award.

Over 20 years later, in 1994, the plaintiff, Ailene Parker, as administrator of the estate of the owners, commenced this action against the defendant pursuant to RPAPL article 15 in which she sought a determination that she was the lawful owner of the property. The plaintiff alleged that she was the sole heir of the estate of her mother, Ermine Parker, that she was therefore the owner of the property, and that any claims to the property by the defendant were invalid.

In May 1994, the defendant moved for partial summary judgment on the issue of ownership of the property based on documentation regarding the 1970 condemnation order. In addition, the defendant's counsel indicated in an affirmation that work on the urban renewal project had been slowed by the City's fiscal crisis in the 1970's and by litigation relating to the development plan which was not resolved until 1991. However, the City never abandoned the public purpose for which the property was condemned.

In response, the plaintiff offered evidence of the alleged ownership of the property by her predecessors in interest, such as their payment of real estate taxes, mortgage and water bills and their payment for repairs made to the premises throughout the 1970's and 1980's. The plaintiff's counsel further contended that, since the defendant failed to "materially improve" the property within 10 years of its acquisition, the plaintiff was entitled to the right of first refusal to purchase the property before the defendant permitted a private entity to develop it (*see*, EDPL 406 [A]).

In reply, the defendant's counsel asserted that its motion was directed solely to the issue of its ownership of the property. Furthermore, EDPL 406 (A) was not applicable because that provision established a procedure to be followed if the project for which the property was acquired had been abandoned, which was not the case here.

In an order which is not at issue on this appeal, the Supreme Court granted the defendant's motion to the extent that it determined that the defendant acquired ownership of the premises in 1970 and that such ownership continued to the present day. The court concluded that the plaintiff's main contention was that the defendant had abandoned the property. Pursuant to EDPL 406 (A), as applied to condemnation proceedings prior to 1982, if the project was abandoned within

10 years of acquisition of the property, the condemnor must give the former owner a right of first refusal before disposing of the property for private use. The court concluded that there was an issue of fact as to whether the project was abandoned because the defendant failed to present evidentiary material on that issue. However, since the plaintiff had merely alluded to the right of first refusal in her motion papers and had not sought such relief in her complaint, the court permitted her to amend her complaint to include such a cause of action.

The plaintiff then served an amended complaint in which she alleged in a second cause of action that she was entitled to the right of first refusal to purchase the premises for $19,500. The complaint did not include any new factual allegations. After answering the amended complaint, the defendant moved for partial summary judgment dismissing the second cause of action.

The defendant argued that the plaintiff could not establish a condition precedent to such a claim, that is, that the defendant had abandoned the project for which the property was originally acquired in the first 10 years following the condemnation. The defendant presented affidavits of City officials regarding the urban renewal project which covered approximately 104 acres in downtown Brooklyn. The officials described various improvements made as part of the project in the 1970's and 1980's, including reconstruction of the infrastructure of the Long Island Rail Road Flatbush-Atlantic Avenue Terminal, a new meat distribution plant on the Brooklyn waterfront, school and athletic facilities, and over 2,000 new housing units. An amendment to the plan in 1986, which provided for the development of over 600 housing units, office, and retail space in the area prompted lawsuits which halted development for the next five years. After the lawsuits were resolved in 1991, construction began on retail space and new housing units. The housing was designed around a landscaped open space, and the premises at issue here was situated within that open space.

The plaintiff did not submit any papers in opposition to the motion, and her attorney sought the court's permission to withdraw. The Supreme Court denied the defendant's motion on the ground that it was merely an attempt to reargue the same issue considered in the previous summary judgment motion.

We conclude that the Supreme Court erred in treating the defendant's second motion for partial summary judgment as a motion to reargue and in failing to address the motion on its

merits. In its first motion for partial summary judgment, the defendant sought a determination with respect to the plaintiff's claim that she was the lawful owner in fee of the property. The plaintiff's claim that the defendant had abandoned the property was irrelevant to the issue of whether the defendant had legal title to the property by virtue of the condemnation proceeding. If the plaintiff's claim of abandonment was established, she would not be entitled to a declaration that she was the legal owner. Rather, the defendant would be required to offer to sell the property to her under EDPL 406 (A), assuming all other statutory requirements were met. As the Supreme Court acknowledged, this relief was not even demanded in the original complaint. Once the Supreme Court permitted the plaintiff to amend her complaint to add a cause of action based on EDPL 406 (A), the defendant was permitted to bring a motion for summary judgment directed at that cause of action (*see, Reich v Bowery Sav. Bank*, 183 AD2d 882; *Cruz v S & S Corrugated Paper Mach. Co.*, 102 AD2d 840).

Furthermore, we conclude that the defendant is entitled to dismissal of the plaintiff's cause of action based on EDPL 406 (A). EDPL 406 (A), as applied to property acquired prior to 1982, provides that, if the condemnor abandons the project for which the property was acquired within 10 years after its acquisition, and the property has not been materially improved, "the condemnor shall not dispose of the property or any portion thereof for private use * * * without first offering the former fee owner of record at the time of acquisition a right of first refusal to purchase the property at the amount of the fair market value of such property at the time of such offer". The purpose of this provision is to give former owners a right of first refusal before the property is offered for public sale (*see, Matter of Chamberlain Trust v Litke*, 73 NY2d 824). The defendant provided ample proof that it had not abandoned the urban renewal project for which the subject property was acquired. Moreover, there is absolutely no indication in this record that the defendant planned to transfer title to this property to a private party (*see, Matter of Chamberlain Trust v Litke, supra*), which would trigger the statutory right of first refusal. O'Brien, J. P., Copertino, Pizzuto and Krausman, JJ., concur.