■ ROUHOULLAH KALIMIAN, Plaintiff, v MTM ASSOCIATES et al., Respondents, and SOHO OASIS, INC., Intervenor-Appellant. M&A OASIS, INC., Appellant, v MTM ASSOCIATES et al., Respondents. [720 NYS2d 120] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered February 4, 2000, which, insofar as appealed from, granted defendants-respondents' motion for summary judgment dismissing the cross claims (denominated counterclaims) asserted against them in intervenor-defendant-appellant Soho Oasis, Inc.'s (Soho) amended verified answer for specific performance and breach of contract, based on an alleged agreement for sale of certain real property, and canceling the notice of pendency filed by Soho based on such claims, and order, same court and Justice, entered April 12, 2000, which, insofar as appealed from, granted defendants-respondents' motion for summary judgment to the extent of dismissing substituted plaintiff M&A Oasis, Inc.'s (M&A) amended complaint insofar as based on a right of first refusal assigned to M&A by the former plaintiff, unanimously affirmed, with one bill of costs.

Intervenor-defendant Soho's cross claims against defendants-respondents seeking to enforce an alleged agreement by defendant-respondent MTM Associates (MTM) to sell the real property leased to Soho were correctly dismissed. The correspondence between the parties reflects, at most, an intent to conduct further negotiations and not to be bound until the negotiations had culminated in the execution of a formal contract. Since no such formal writing was ever executed, no binding contract came into being (*see, Scheck v Francis*, 26 NY2d 466, 469-470; *LaRuffa v Fleet Bank*, 260 AD2d 299). The notice MTM sent to former plaintiff Kalimian, purporting to trigger Kalimian's right of first refusal as to the property, did not constitute evidence that the parties had entered into an agreement, since such notice stated only that an offer to purchase the property had been received (*see, Stark v Brooklyn Union Gas Co.*, 15 Misc 2d 50, 52). Further, defendants-respondents' pleadings in this action do not contain any judicial admission

that MTM and Soho entered into a contract for the sale of the property.

Even if the time in which to exercise the right of first refusal otherwise would not have expired as of the date on which M&A purported to exercise it, it had reverted to dormancy by reason of MTM's decision not to proceed with the proposed sale of the property to Soho (*see, LIN Broadcasting Corp. v Metromedia, Inc.*, 74 NY2d 54, 56-57; *Shapiro v Othmer*, 172 Misc 2d 231, 234). We therefore affirm the grant of summary judgment dismissing M&A's amended complaint to the extent based on the assigned right of first refusal. Concur—Mazzarelli, J. P., Andrias, Wallach, Lerner and Rubin, JJ.