MIDDLETON S. BORLAND, as Receiver of the HUDSON NAVIGATION COMPANY, Plaintiff, *v.* JOHN A. CURTO and Others, Defendants.

Supreme Court, Albany County, August, 1922.

*Injunctions — right to regulate use of property leased by municipality — cab drivers enjoined from interfering with reasonable use of leased property — public hack stands in streets no violation of leased rights.*

APPLICATION to set aside injunction heretofore granted, *ex parte.*

*Louis F. O'Neill,* for plaintiff.

*John H. Gleason,* for defendants.

Rosch, J.   In so far as the plaintiff is concerned he has a right to regulate the use of his leased property.   That, however, would hardly give him control over the street areas.   The defendants would have a right to approach with their machines and deliver passengers, and meet people-at the dock.   They wou d not have the right in the passageways, on the leased platforms or in the leased structures.   In so far as those structures are concerned, they, under the plaintiff's lease holding, are under his control for the use by the public in connection with the leased purpose.   The defendants have no right to interfere with the plaintiff's reasonable use of the dock property and street approaches by interrupting or interfering with his patrons, or obstructing approaches.   The city could not authorize any such interference (*Waldorf Astoria Hotel Co.* v. *City of New York,* 212 N. Y. 97), and especially as against its own lessee.

As to the stationing of automobiles in streets not in violation of the plaintiff's rights, and as to the plan for so doing, it is a matter to be regulated by the city and cannot be bargained by the plaintiff, or reserved to any one individual.   I can only pass upon the plaintiff's rights and not those of O'Hagan or his contract.   If the arrangement with O'Hagan is illegal, the defendants have rights, other than to interfere with the plaintiff's business.   The motion to vacate injunction is denied, but it should be modified to read as follows:

That the defendants and each and every of them, their agents and representatives and each of them, and all other persons acting in combination or collusion with them, be and they are, and each of them is hereby restrained and forbidden during the pendency of this action and until the further order of this court and under the penalties of the law for such case made and provided, from standing or stationing their or any of their cabs upon, at or in the passageway or passageways leading to the gangway of plaintiff's boats, or from standing upon or stationing their or any of their cabs, automobiles or taxicabs on the platforms or on or in any part of the buildings or structures used, occupied and leased by the plaintiff herein, or from at said place and places soliciting business or patrons for their said cabs, automobiles or taxicabs, or using any of the said places for the purpose of a cab or omnibus stand, or from obstructing, blocking or in any manner interfering with the plaintiff's use and enjoyment of said platforms, buildings, structures and street adjoining the same in the reasonable operation of his steamboat business for the transportation of passengers and

freight, or from obstructing, interfering with or interrupting plaintiff's patrons and passengers of his boats in approaching to or coming from said boats.

The said defendants are hereby restrained, enjoined and forbidden from conspiring together or with any other person or persons, corporation or corporations, to do any of the acts and things hereinbefore forbidden, enjoined or restrained.

Ordered accordingly.