THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
MIRIAM M. PROPP, Appellant.

Argued October 15, 1940; decided December 31, 1940.

*Nathan A. Propp* for appellant.

No appearance for respondent.

CONWAY, J. Appeal by permission of a justice of the
Appellate Division from a judgment of the County Court
of Franklin County affirming a judgment of the Police

Justice's Court of the Village of Tupper Lake convicting defendant of a violation of the Vehicle and Traffic Law (Cons. Laws, ch. 71) section 86, paragraph 3.

There is no substantial dispute about the facts. The defendant is a resident of the village of Tupper Lake and rents rooms in her residence to tourists. About five o'clock in the afternoon of July 17, 1939, the complainant parked her automobile in front of defendant's home and across the pathway which led from the street curb to the door. As this was the hour when tourists were likely to engage rooms for the night, defendant asked complainant to move the automobile, explaining that its position would affect her business. Complainant asked permission to mail some letters in the post office and said she would return in a moment. After waiting for twenty-five minutes the defendant obtained her own car, backed it in front of complainant's and without releasing the emergency brake upon the latter, pushed it backward a sufficient distance to leave the path unobstructed.

The defendant is charged with a violation of section 86, paragraph 3, of the Vehicle and Traffic Law. That section reads as follows: " The driver of a vehicle shall apply the emergency brakes before leaving the same unattended on any public highway. No person without authority of the driver shall set or attempt to set any vehicle in motion, or in any way interfere with any vehicle; provided, however, that for the purpose of getting away from the place of standing, a driver may move another vehicle which is so placed that he cannot get his vehicle out, and immediately thereafter he shall reset the brake."

A reading of the section in its entirety indicates that it was enacted to protect the traveling public and, on their behalf, to prevent the setting in motion of or interference with parked automobiles except as indicated therein. The matter of brakes was so important in the legislative mind that the section begins and concludes with a reference to them. The brakes on complainant's automobile were not released. The car was never set in motion. It moved

only in response to force applied and when such application ceased it was again stationary. Neither mechanism nor brakes were touched. There was no violation of the statute either in letter or spirit.

The judgments should be reversed and the information dismissed.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, SEARS and LEWIS, JJ., concur.

Judgments reversed, etc.