Rochus Amon et al., Respondents, v. Town of Greenburgh et al., Appellants, et al., Defendants.— In an action for a judgment declaring that a certain restrictive covenant affecting a stated tract of land is enforcible, for injunctive relief and damages, the Town of Greenburgh, its Town Board and its Supervisor, who are three of the defendants, appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County, dated April 28, 1969, as denied their motion to dismiss the complaint for failure to state a cause of action. Order reversed insofar as appealed from, on the law, with $10 costs and disbursements, motion granted and it is declared that the restrictive covenant is not enforcible. The restrictive covenant which plaintiffs seek to enforce provides that the covenant is subject to any amendments of the Zoning Ordinance of the Town of Greenburgh. Accordingly, the recent amendment by the Town Board lifted the restriction on the subject premises. The town concededly was acting within its power when it agreed with the Greenburgh Housing Authority to co-operate in the construction of a low-income housing project on the premises. Thus the complaint fails to plead a cause of action and should be dismissed. Assuming *arguendo* that the covenant is not subject to amendments to the Zoning Ordinance, an injunction would not be the proper remedy herein. The covenant, by its terms, expires on January 1, 1971 and thus the benefit to plaintiffs of injunctive relief would be small while the detriment to defendants would be great (*McMann* v. *Chasm Power Co.*, 211 N. Y. 301, 305). Christ, P. J., Rabin and Martuscello, JJ., concur; Hopkins and Munder, JJ., concur solely on the ground that the benefit to plaintiffs of injunctive relief would be small while the detriment to defendants would be great.