■ JOHN DANCHAK, SR., et al., Respondents-Appellants, v CARL TUZZOLINO, Defendant, and JOHN HAFNER et al., Appellants-Respondents. [600 NYS2d 816] —Weiss, P. J. Cross appeals from a judgment of the Supreme Court (Leaman, J.) in favor of defendants John Hafner and Anita Hafner, entered April 17, 1992 in Sullivan County, upon a decision of the court, without a jury.

In 1954 plaintiffs purchased land in the Town of Bethel, Sullivan County, which contained most of a natural pond called Hunter's Lake (hereinafter the pond). At that time an existing impoundment structure, described at best as a little stone wall,[1] created the pond which inundated approximately two acres of adjoining property then owned by the predecessors in title of defendants John Hafner and Anita Hafner (hereinafter defendants). Subsequently plaintiffs constructed a larger dam with a spillway which enabled them to control the

---

1. Plaintiff John Danchak, Sr. initially indicated that there was no dam or structure holding back the water upon his purchase; he subsequently testified to the existence of a "little stone wall".

level of water in the pond. By inserting boards into the spillway the size of the pond could be increased to about 125 acres, including approximately 10 acres of the property which defendants purchased in 1973. Plaintiffs rented row boats for fishing and recreational use, and generally restricted the time and manner of use on the entire enlarged pond. In 1985, plaintiffs erected a fence to separate defendants' 10 acres from and to prevent their use of the rest of the pond. One side of the fence was erroneously placed partially on defendants' property. In time, portions of the fence were damaged and the continued use of the entire pond by defendants and defendant Carl Tuzzolino[2] in violation of plaintiffs' rules resulted in this lawsuit.

After a bench trial, Supreme Court, *inter alia,* enjoined Tuzzolino from any use of plaintiffs' portion of the pond but, in consideration of a number of factors, declined to also enjoin defendants, instead limiting them to noncommercial uses with a limited number of nonmotorized boats, and required their use to conform to the essential character of the pond as it historically had been maintained by plaintiffs. Supreme Court further concluded that defendants were inconvenienced by the encroachment of the fence on their property but had failed to prove monetary damages. Plaintiffs were directed to remove the fence and to maintain the water level in a reasonable manner consistent with prelitigation conditions. Both plaintiffs and defendants have appealed.

Plaintiffs contend that Supreme Court erred in refusing to grant an injunction against defendants' limited use of the pond beyond their own land. The intrusion caused by such use can best be described as de minimis. While equitable relief can be a proper remedy to prevent repeated or continuing trespasses even where damages are slight and nominal, equity may withhold the use of such discretionary authority if warranted by the circumstances *(see, McCann v Chasm Power Co.,* 211 NY 301; *Horton v Niagara, Lockport & Ontario Power Co.,* 231 App Div 386, 397). Here, defendants' use, which Supreme Court refused to prohibit, is virtually indistinguishable from plaintiffs' use of the pond and is of such limited degree that the benefit of injunctive relief is rendered minimal *(see, Amon v Town of Greenburgh,* 34 AD2d 1004). In refusing to exercise its discretion to grant an injunction, Supreme Court did not

---

2. Tuzzolino owns several square feet of the bed of the pond on which he built a dock. Tuzzolino has not appealed from the judgment entered against him.

solely rely on the de minimis nature of the intrusion or on defendants' ownership a portion of the pond's bed. The court further concluded that although defendants received additional submerged area, plaintiffs derived benefit from the enlargement of the entire pond through its enhanced appearance, character and capacity to provide aesthetic and recreational enjoyment. These factors which Supreme Court considered are fully supported by the record and we are unable to hold that the court abused its discretion by refusing to grant an injunction.

Defendants in their cross appeal complain of Supreme Court's failure to award them monetary damages. Absent proof of money damage, defendants at best suffered nominal damages which should be appropriately reflected in the judgment.

Mikoll, Crew III, Mahoney and Casey, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by granting defendants John Hafner and Anita Hafner $1 in nominal damages, and, as so modified, affirmed.