■ HARRY NOLL et al., Appellants-Respondents, v DAVID WEINMAN et al., Respondents-Appellants. [677 NYS2d 590] —In an action, *inter alia,* to enjoin the defendants from utilizing an easement over the plaintiffs' property for any purpose other than ingress and egress, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered July 14, 1995, as denied those branches of their motion which were for summary judgment on the complaint and to dismiss the defendants' fifth affirmative defense and the first, second, and fourth counterclaims, and the defendants cross-appeal from so much of the same order as granted those branches of the plaintiffs' motion which were for summary judgment dismissing the first, second, third, and fourth affirmative defenses and the third counterclaim, and limited the application of the fifth affirmative defense.

Ordered that the order is modified by (1) deleting the provision thereof denying that branch of the motion which was to dismiss the defendants' fourth counterclaim and substituting therefor a provision granting that branch of the motion, and (2) deleting the provision thereof granting that branch of the motion which was to dismiss the fifth affirmative defense to the extent of limiting the application of that defense and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the defendants.

The easement in question was created in 1982 when the plaintiffs' predecessor in interest subdivided a lot into three separate parcels and retained one of them, Lot 3. The subject easement burdened Lot 3 along its border with Lots 1 and 2. The indenture creating the easement indicated that it was to be used for ingress and egress to Lots 1 and 2. The defendants purchased Lot 2 in 1986, and the plaintiffs purchased Lot 3 in 1992.

The plaintiffs commenced this action in September 1994 alleging that the easement was being used for purposes other than ingress and egress, including, *inter alia,* the parking of vehicles, as a vehicular turn-around area, and for recreational purposes (children playing thereon). The defendants answered asserting various affirmative defenses and counterclaims. The plaintiffs then moved, *inter alia,* for summary judgment, which was granted in part and denied in part.

The defendants made a sufficient showing of the lack of safe alternative parking places for cars driven by visitors to their property and of the danger to vehicles exiting their property to demonstrate the existence of questions of fact concerning whether, and to what extent, the use of the easement as a parking area for a limited number of visitors' vehicles and for turning vehicles around were necessary concomitants to their enjoyment of their right of passage. Therefore, summary judgment on the complaint was properly denied (*see, Karlin v Bridges,* 172 AD2d 644; *see generally, Phillips v Jacobsen,* 117 AD2d 785).

The defendants' fifth affirmative defense alleged that all the complained-of activities constituted de minimis intrusions onto the plaintiffs' property. The Supreme Court limited the applicability of that defense to the issue of whether children playing on the subject easement was an intrusion of a de minimis nature. The issue of whether all of the activities complained of were de minimis in nature constitutes a question of fact to be resolved at trial. With respect to the use of the easement for children's play, we find that the court did not improvidently exercise its discretion in denying summary judgment enjoining such conduct (*see, Danchak v Tuzzolino,* 195 AD2d 936).

We agree with the Supreme Court that the defendants failed, as a matter of law, to establish an easement by implication concerning the use of the easement for the purposes of parking and turning vehicles around (*see, U.S. Cablevision Corp. v Theodoreu,* 192 AD2d 835; *Bigg v Webb Props.,* 118 AD2d 613). Thus, the defendants' third counterclaim was properly dismissed. Additionally, since no factual question was raised as to the existence of an easement by implication for the purpose of placing planters and other decorative ornaments on the subject property, the fourth counterclaim should have been dismissed.

The parties' remaining contentions are without merit. Miller, J. P., Friedmann, Krausman and Florio, JJ., concur.