■ In the Matter of GEORGE N. MCNAIR et al., Appellants, v JOSEPH A. MCNULTY et al., Respondents. [744 NYS2d 438] —In a hybrid proceeding pursuant to CPLR article 78 and an action pursuant to RPAPL article 15, inter alia, to determine claims to an easement of light, air, and access over property known as Concourse East, the petitioners appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Henry, J.), dated March 29, 2001, as granted that branch of the respondents' motion which was to dismiss the cause of action pursuant to RPAPL article 15.

Ordered that the order is affirmed insofar as appealed from, with costs.

An owner of land abutting a highway or street possesses, as incident to his or her ownership, easements of light, air, and access, regardless of whether the owner owns the fee of the highway or the street itself (*see Matter of Scoglio v County of Suffolk,* 85 NY2d 709, 712; *Regan v Lanze,* 40 NY2d 475, 482; *Donahue v Keystone Gas Co.,* 181 NY 313, 316; *Lahr v Metropolitan El. Ry. Co.,* 104 NY 268, 291; *Griefer v Sullivan County,* 246 App Div 385, *affd* 273 NY 515). However, when the highway is used for any public purpose not inconsistent with or prejudicial to its use for highway purposes, the mere disturbance of the rights of light, air, and access of abutting owners on such a highway by the imposition of a new use, consistent with its use as an open public street, must be tolerated by them. No right of action arises therefrom, even though such use may interfere with the enjoyment of their premises (*see Perlmutter v Greene,* 259 NY 327, 330; *see also, Jones Beach Blvd. Estate v Moses,* 268 NY 362, 368; *Lahr v Metropolitan El. Ry. Co., supra* at 291; *Aero Dr.-In v Town of Cheektowaga,* 140 AD2d 932). The maintenance of trees in a street for the

purposes of ornament and shade has been determined to be a proper street use (see *Donahue v Keystone Gas Co., supra* at 315).

Because the trees planted by the respondents were not planted for a purpose inconsistent with or prejudicial to highway use, and were planted to make the roadway more comforting to motorists and incidentally to improve the appearance of the roadway (see *Perlmutter v Greene, supra* at 331; *Donahue v Keystone Gas Co., supra* at 319-320; 64 NY Jur Highways, Streets, and Bridges § 276), the Supreme Court properly granted that branch of the respondents' motion which was to dismiss the cause of action pursuant to RPAPL article 15. Santucci, J.P., Altman, H. Miller and Cozier, JJ., concur.