■ Conrad H. Lang, Jr. et al., Appellants, v Jay Carroll, Respondent. [806 NYS2d 289]—

Cardona, P.J. Appeal from an order of the Supreme Court (Reilly, Jr., J.), entered November 3, 2004 in Rensselaer County which, inter alia, granted summary judgment dismissing the complaint.

The parties herein own adjoining parcels of land on the shore of Glass Lake in the Town of Sand Lake, Rensselaer County. Plaintiff Conrad H. Lang, Jr. and his wife, plaintiff Elizabeth D. Lang, purchased their property, which is landlocked, in 1962. The 1962 deed noted that the property was conveyed "together with the right of ingress and egress over a certain private road [located on the adjacent lot and] said private road [was] to be used in common by the owners of the herein conveyed premises and by the owners of said premises adjoining on the south of the herein conveyed premises, and by their respective heirs and assigns." In 1984, the parcel adjoining plaintiffs' property was acquired by defendant's predecessors in interest, Julius Braun and his wife, Constance Braun. After a dispute arose in the early 1990s over the use of the roadway, plaintiffs commenced litigation seeking to halt interference with the roadway. In 1996, plaintiffs and Constance Braun, individually and as her husband's guardian, executed and recorded an agreement whereby, inter alia, the precise boundaries of the easement in metes and bounds were set forth. In 2000, defendant acquired the Brauns' property and the deed noted that the property was conveyed "[s]ubject to the right of use of the road which crosses over the herein described parcel" and "subject to all covenants, conditions, restrictions, and easements of record affecting the premises."

Thereafter, disagreements occurred between plaintiffs and defendant over the use of the easement and, in December 2003, plaintiffs commenced this action seeking to enjoin defendant from blocking their ingress and egress over the roadway and prohibiting defendant from removing survey stakes marking the boundaries of the roadway. Defendant interposed counterclaims and asserted, among other defenses, that any interference with the roadway was de minimis and that the 1996 agreement between plaintiffs and Constance Braun was invalid. The parties cross-moved for summary judgment and Supreme Court specifically denied that part of defendant's cross motion seeking to declare the 1996 agreement null and void, holding instead that "plaintiffs' easement over defendant's property possesses the definite boundaries described in that agreement." Nevertheless, the court denied plaintiffs' motion for summary judgment and dismissed their complaint based on its determination that any obstructions or encroachments on plaintiffs' use of the easement by defendant were de minimis. This appeal by plaintiffs ensued.

The pivotal issue herein is whether Supreme Court was correct in dismissing the complaint on the basis that plaintiffs' allegations of encroachment on the easement were de minimis as a matter of law (see e.g. Wing Ming Props. [U.S.A.] v Mott Operating Corp., 79 NY2d 1021, 1023 [1992]).* Notably, while defendant maintains, inter alia, that "even if [his] boat and vehicles did pose some inconvenience to [plaintiffs'] access to [their] garage, the inconvenience would be infinitesimal," plaintiffs submitted affidavits and other evidence listing specific periods of time when defendant allegedly parked vehicles in the easement area in front of plaintiffs' garage "on a daily basis with few exceptions." Upon review of the parties' contradictory affidavits and exhibits, we conclude that sufficient questions of fact have been raised so that the issue of whether or not defendant's placement of vehicles and other items "in the easement [area] is an intrusion of a de minimis nature [that] should be resolved at trial" (Hoeffner v John F. Frank, Inc., 302 AD2d 428, 430 [2003]; see Noll v Weinman, 253 AD2d 742, 743 [1998]). As for example, we cannot say that the photographs and a

* We note that, although defendant challenges certain rulings of Supreme Court in his brief herein, including the court's decision that the 1996 agreement is valid, defendant did not appeal from the court's order. While we recognize that, "where warranted, this Court has the power to search the record and grant summary judgment to a nonappealing party," we conclude that defendant failed to demonstrate entitlement to summary judgment herein (Mohawk Val. Ski Club v Town of Duanesburg, 304 AD2d 881, 884 n 4 [2003]; see CPLR 3212 [b]).

videotape submitted with the motions are dispositive of the legal issues as a matter of law. While both parties present numerous arguments relating to these exhibits, the fact remains that such "evidence does not in any event dispel the issues of fact, which turn largely on credibility" (*Sokoli v Quality Carton*, 286 AD2d 277, 277 [2001]). Accordingly, the matter must be remitted for a trial.

Plaintiffs' remaining arguments have been examined and found to be unpersuasive.

Mugglin, Rose and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted summary judgment dismissing the complaint; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.