468

■ WINIFRED BROSNAN, Plaintiff, v TOWN OF NEW WINDSOR, Respondent, and CHARLES TUDOR et al., Appellants. [869 NYS2d 176]—

The plaintiff tripped and fell over a drainage hole after arriving at the appellants' property located at 105 Erie Avenue in New Windsor, where she was to examine a car that the appellants were selling.

The defendant Town of New Windsor established its prima facie entitlement to judgment as a matter of law dismissing all cross claims asserted against it by submitting the affidavit of the Town Clerk attesting that the Town did not own, control, manage, or maintain the subject drainage hole (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *Nappi v Incorporated Vil. of Lynbrook,* 19 AD3d 565, 566 [2005]; *Weinberg v City of New York,* 3 AD3d 489, 490 [2004]). In opposition, the appellants submitted evidence sufficient to raise a triable issue of fact with respect to the cross claims asserted by them

against the Town as to ownership, control, management and/or maintenance of the subject drainage hole. Specifically, in her affidavit, the defendant Barbara Tudor stated, inter alia, that she was a long-time resident of 105 Erie Avenue, that the Town installed a pipe, as well as the subject drainage hole, and had maintained and cleared sediment from the drainage hole (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Lang v Carroll,* 24 AD3d 1078, 1079 [2005]; *Colao v Mills,* 3 AD3d 702, 703 [2004]; *cf. Peasah v C&S Value Stores,* 306 AD2d 14 [2003]).

Accordingly, that branch of the Town's motion which was for summary judgment dismissing all cross claims asserted against it should have been denied. Spolzino, J.P., Ritter, Dillon and Dickerson, JJ., concur.