■ MADELINE BRYER, Appellant, v THOMAS TERLEPH et al., Respondents. [893 NYS2d 281]—

In 2004 the plaintiff purchased a parcel of land on Route 9W in the Town of Orangetown in Rockland County. The plaintiff's parcel has approximately 45 feet of frontage on the east side of

Route 9W. Directly to the south along Route 9W is a parcel of land owned by Gilbert R. Gordon, a nonparty, which has about 50 feet of frontage on Route 9W. The defendants own a parcel of land to the east of the Gordon parcel. The defendants' parcel has no direct access to the public roadway, but enjoys a right-of-way over the plaintiff's parcel to Route 9W. The three parcels had at one time been in common ownership. None of these parcels have off-street parking and they are all accessed by foot from Route 9W via a common stairway and walkway. The plaintiff's predecessor-in-interest had improved the portion of a state right-of-way fronting her parcel by erecting a retaining wall, widening the shoulder, and paving the shoulder to permit parking. There is a similar-sized parking area fronting the Gordon parcel on the state right-of-way. The two parking areas are divided by the common stairway. There are no parking restrictions on this section of Route 9W. The defendants have been parking one of their vehicles in the parking area in front of the plaintiff's parcel. It is this conduct which the plaintiff seeks to enjoin. The defendant Kristi Norgaard stated in an affidavit that her husband and the Gordon tenants park their vehicles in the parking area in front of the Gordon parcel leaving no room for her vehicle, that she has two small children, and, given the roadway conditions, it is too dangerous for her to park on the opposite side of Route 9W. The Supreme Court concluded that the plaintiff had no right to enjoin the defendants from parking on the state right-of-way and, therefore, denied her motion for summary judgment and granted the defendants' cross motion, in effect, for summary judgment. We modify.

An owner of land abutting a highway or street possesses, as incident to his or her ownership, easements of light, air, and access, regardless of whether the owner owns the fee of the highway or the street itself (*see Matter of Scoglio v County of Suffolk,* 85 NY2d 709, 712 [1995]; *Regan v Lanze,* 40 NY2d 475, 482 [1976]; *Donahue v Keystone Gas Co.,* 181 NY 313, 316 [1905]; *Lahr v Metropolitan El. Ry. Co.,* 104 NY 268, 291 [1887]; *Kane v New York El. R.R. Co.,* 125 NY 164, 180 [1891]; *Griefer v County of Sullivan,* 246 App Div 385 [1936], *affd* 273 NY 515 [1937]; *Matter of McNair v McNulty,* 295 AD2d 515 [2002]). However, an abutting owner cannot ordinarily prevent others from parking their vehicles on a street adjoining his or her property unless they unreasonably interfere with his or her right of ingress and egress (*see Decker v Goddard,* 233 App Div 139 [1931]; *People v Propp,* 172 Misc 314 [1939], *revd on other grounds* 284 NY 491 [1940]; *Borland v Curto,* 121 Misc 814 [1922]; 64 NY Jur 2d, Highways, Streets, and Bridges § 272).

Here, given the unique circumstances of this case, there are issues of fact as to whether, inter alia, the defendants' continual parking of one of their vehicles in the parking area in front of the plaintiff's parcel unreasonably interferes with the plaintiff's right of ingress and egress and whether there is a safe alternative place for Norgaard to park her vehicle (*see Noll v Weinman*, 253 AD2d 742 [1998]; *Karlin v Bridges*, 172 AD2d 644 [1991]; *Graceland Corp. v Consolidated Laundries Corp.*, 7 AD2d 89 [1958], *affd* 6 NY2d 900 [1959]; *Decker v Goddard*, 233 App Div 139 [1931]). Prudenti, P.J., Mastro, Florio and Austin, JJ., concur.