Augusta v Kwortnik (2018 NY Slip Op 03574)





Augusta v Kwortnik


2018 NY Slip Op 03574


Decided on May 17, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 17, 2018

524038

[*1]VIRGINIA L. AUGUSTA et al., Appellants,
v
ROBERT J. KWORTNIK JR. et al., Respondents.

Calendar Date: March 28, 2018

Before: Garry, P.J., McCarthy, Lynch, Clark and Pritzker, JJ.


Law Office of Sharon M. Sulimowicz, Ithaca (Sharon M. Sulimowicz of counsel), for appellants.
The Crossmore Law Office, Ithaca (Edward Y. Crossmore of counsel), for respondents.


McCarthy, J.

MEMORANDUM AND ORDER
Appeals (1) from an order of the Supreme Court (Rumsey, J.), entered August 3, 2016 in Tompkins County, which, among other things, partially denied plaintiffs' motion for summary judgment, and (2) from a judgment of said court, entered March 29, 2017 in Tompkins County, upon a decision rendered partially in favor of defendants.
Plaintiffs purchased 938 East Shore Drive (hereinafter the lake side property) in the Town of Ithaca, Tompkins County and built a residence on it. The property is located on the shore of Cayuga Lake and lacks both on-site parking and direct access to East Shore Drive, which is also known as State Route 34. To gain access to the lake side property, plaintiffs have an eight-foot-wide right-of-way, essentially a stairway from the road level
down a slope to the lake side property, over the parcel at 932 East Shore Drive (hereinafter the road front property). That parcel has approximately 140 feet of road frontage, as well as a shack that is used for storage. Two years after purchasing the lake side property, plaintiffs purchased the road front property to, among other things, secure parking along Route 34.
Defendants are neighbors of plaintiffs who similarly reside on lake side parcels that lack on-site parking and direct access to Route 34. Defendants were also granted easements for ingress and egress over the eight-foot-wide right-of-way that is located on the road front property. For many years before plaintiffs purchased the road front property, defendants and others parked in two areas along the 140-foot-strip abutting Route 34 that plaintiffs contended were on their property: (1) a gravel parking area containing three pull-in spots where vehicles park perpendicular to the road and (2) an area on the shoulder of Route 34 with room for [*2]approximately five vehicles to park parallel to the road (hereinafter collectively referred to as the disputed parking areas). The stairway in the right-of-way is located directly next to the gravel parking area, on the side closer to, and somewhat behind, the parking area along the shoulder of the road.
Plaintiffs commenced this action for trespass seeking, among other things, to enjoin defendants from parking in the disputed parking areas. Their premise was that the road side property extended to the center line of Route 34 and, therefore, plaintiffs owned the disputed parking areas in fee and had control over them. Defendants joined issue and asserted affirmative defenses, and one defendant asserted a counterclaim. Plaintiffs moved for a preliminary injunction enjoining defendants from parking in the disputed parking areas. Supreme Court denied the motion. Plaintiffs then built a retaining wall and extended the gravel parking area (hereinafter the reconstructed gravel area) in an effort to secure exclusive parking spots along Route 34. Plaintiffs also moved for partial summary judgment striking the affirmative defenses and counterclaim. In an August 2016 order, the court dismissed the counterclaim but found triable issues of fact regarding the affirmative defenses. Plaintiffs appealed from the August 2016 order.
While the appeal was pending, the action proceeded to a bench trial. In a March 2017 judgment, Supreme Court concluded that the boundary of the road front property ran to the center line of Route 34 and that property was subject to a 49.5-foot right-of-way for public highway purposes. The court stated that plaintiffs could not prevent others from parking vehicles within the bounds of Route 34 unless those others unreasonably interfered with plaintiffs' rights of ingress and egress. The court enjoined defendants and their agents and guests from parking in the reconstructed gravel area or between that area and Route 34, and "from otherwise obstructing or interfering with plaintiffs' access thereto." Supreme Court further adjudged that defendants and others "may make use of the remaining area within the bounds of . . . Route 34 abutting plaintiffs' property on a first-come, first-serve basis; provided, further, that no such person — including plaintiffs — shall park or store a vehicle indefinitely or otherwise attempt to interfere with the rights of any other person to park within that area." The court dismissed two affirmative defenses. Plaintiffs also appealed from the March 2017 judgment.
The appeal from the August 2016 order must be dismissed because "the right to appeal from a nonfinal order terminates upon entry of a final judgment" (State of New York v Joseph, 29 AD3d 1233, 1234 n [2006], lv denied 7 NY3d 711 [2006]; accord McCormack v Maloney, 148 AD3d 1268, 1268 [2017]). Nevertheless, the appeal from the March 2017 judgment brings the August 2016 order up for review (see CPLR 5501 [a] [1]; Durrans v Harrison & Burrowes Bridge Constructors, Inc., 128 AD3d 1136, 1137 n 2 [2015]).
Plaintiffs argue that Supreme Court should have granted their summary judgment motion in its entirety, including dismissing the three affirmative defenses. The arguments with respect to the first two affirmative defenses have been rendered academic because the court ultimately dismissed those defenses after trial. In the third affirmative defense, defendants alleged that, even if plaintiffs owned the disputed parking areas, defendants and all members of the public were entitled to park vehicles in those areas. On the motion, the parties submitted evidence raising questions as to whether plaintiffs owned to the center line of Route 34 or only to the edge of the roadway, whether defendants could safely park elsewhere and whether defendants' use of the disputed parking areas unreasonably interfered with plaintiffs' access to their property (see Bryer v Terleph, 69 AD3d 894, 895-896 [2010]). Based on these triable factual issues, the court properly refused to dismiss the third affirmative defense.
In the judgment after trial, plaintiffs prevailed in Supreme Court's determinations that they own to the center line of Route 34 and that they had the exclusive right to park in the reconstructed gravel area. Plaintiffs contend that the court erred in relying on the Second Department's decision in Bryer v Terleph (supra) because the rule set forth therein — that a landowner may not prevent individuals from parking their vehicles on a highway adjoining the landowner's property unless such parking unreasonably interferes with his or her right of ingress or egress — does not apply if the landowner holds fee title to the center line of the abutting highway. Plaintiffs further assert that, even if that decision is applicable, the court erred in finding both that defendants have not unreasonably interfered with plaintiffs' right of ingress and egress and that there are no safe alternative locations for defendants to park.
In Bryer v Terleph (supra), the Court stated that "an abutting owner cannot ordinarily prevent others from parking their vehicles on a street adjoining his or her property unless they unreasonably interfere with his or her right of ingress and egress" (id. at 895), and denied summary judgment because there were factual issues as to whether "the defendants' continual parking of one of their vehicles in the parking area in front of the plaintiff's parcel unreasonably interferes with the plaintiff's right of ingress and egress and whether there is a safe alternative place for [one of the defendants] to park her vehicle" (id. at 896). The facts in that case were strikingly similar to those here, except that the decision implies that the plaintiff owned to the edge of the highway rather than to the centerline (id. at 895). Plaintiffs seize on that difference, asserting that it demands a different outcome. They argue that their fee ownership of the bed of the highway gives them a superior right over all others for all uses except travel, which they assert is the purpose of the public highway easement. We disagree.
"An owner of land adjoining a highway or street possesses, as an incident to such ownership, easements of light, air and access, from and over the highway in its entirety to every part of his or her land, regardless of whether the owner owns the fee of the highway or street itself" (Matter of Scoglio v County of Suffolk, 85 NY2d 709, 712 [1995]; see Matter of Ken Mar Dev., Inc. v Department of Pub. Works of City of Saratoga Springs, 53 AD3d 1020, 1024 [2008]; Matter of McNair v McNulty, 295 AD2d 515, 151 [2002], lv dismissed 99 NY2d 552 [2002], lv denied 99 NY2d 510 [2003]). Virtually since the inception of public highways, however, the law has held that even if a person owns fee title to property over which a public highway runs, the public has a highway easement and may use the property for travel and purposes authorized by the easement (see New York State Pub. Empls. Fedn., AFL-CIO v City of Albany, 72 NY2d 96, 101 [1988]; Reformed Church of Gallupville v Schoolcraft, 65 NY 134, 150-151 [1875]). "The right to use of the highways is said to rest with the whole people of the State, not with the adjacent proprietors or the inhabitants of the surrounding municipality[,] . . . [and t]his public right is absolute and paramount" (New York State Pub. Empls. Fedn., AFL-CIO v City of Albany, 72 NY2d at 101 [internal quotation marks and citation omitted]). "[W]hen the highway is used for any public purpose not inconsistent with or prejudicial to its use for highway purposes, the mere disturbance of the rights of light, air, and access of abutting owners on such a highway by the imposition of a new use, consistent with its use as an open public street, must be tolerated by them" (Matter of McNair v Mcnulty, 295 AD2d at 515). In that vein, in the modern era the Court of Appeals has eschewed a narrow restriction on the right to use public highways, such as that proffered by plaintiffs, noting that the term highway use "includes use for parking as well as travel purposes" (New York State Pub. Empls. Fedn., AFL-CIO v City of Albany, 72 NY2d at 102). Accordingly, Supreme Court properly ruled that plaintiffs cannot prevent others from parking their vehicles within the highway easement on the road front property along the shoulder of Route 34, unless those individuals unreasonably interfere with plaintiffs' right of ingress and egress (see Bryer v Terleph, 69 AD3d at 895; 65 NY Jur 2d Highways, Streets, and Bridges § 273; but see Decker v Goddard, 233 App Div 139, 140 [1931]).
Finally, Supreme Court did not err in finding that plaintiffs' right of ingress and egress was not unreasonably impeded by defendants and others parking within the highway easement along the road front property. In reviewing a judgment after a bench trial, this Court's power is as broad as that of the trial court, and we may render judgment as warranted by the facts, though we take into account the trial court's advantage of having observed the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Nemeth v K-Tooling, 100 AD3d 1271, 1272 [2012]). The record contains conflicting testimony regarding whether there was sufficient space to park to the north of the disputed parking areas and across the road, and whether parking in those areas would be safe. The evidence supports the conclusion that the safest place to park for defendants and others similarly situated was within the highway easement along the road front property.
The record also contains testimony and photographs indicating that, at times, defendants and others had parked their vehicles in ways that had blocked plaintiffs in. Some evidence demonstrated that defendants and others parked vehicles too close to the top of the stairway to permit use of the eight-foot right-of-way to gain access to the lake side property. There was also evidence that defendants and others parked too close to the shack on the road front property, making it difficult or impossible for plaintiffs to remove items such as bicycles and kayaks. Other evidence, however, indicated that parked vehicles did not impede access to the stairway or the storage shack. Supreme Court properly considered the facts and the rights of the parties in issuing injunctions giving plaintiffs exclusive use of the reconstructed gravel area, as well as the space between that area and the highway, and allowing the parties and all members of the public to use the remaining area of Route 34 abutting the road front property — an area within the highway easement — for parking on a first-come, first-serve basis, but prohibiting anyone from parking a vehicle there indefinitely or otherwise attempting to interfere with the rights of any other person to park within that area.
Garry, P.J., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the appeal from the order is dismissed.
ORDERED that the judgment is affirmed, with costs.